**MIDDLEBROOKS SHAPIRO, P.C.**

841 Mountain Avenue, First Floor
Springfield, New Jersey   07081
(973) 218-6877
(fax)(973) 218-6878
Melinda D. Middlebrooks, Esq.
*middlebrooks@middlebrooksshapiro.com*
Attorneys for Chapter 11 Debtor
and Debtor-in-Possession

In re:

**HITESHRI PATEL,**

> Chapter 11 Debtor and
> Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

Honorable Kathryn C. Ferguson

Chapter 11

Case No.: 20-17880-KCF

---

## INDIVIDUAL DEBTOR'S CHAPTER 11 COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

---

**HITESHRI PATEL,** the Chapter 11 Debtor, Debtor-in-Possession and Plan Proponent ("Plan Proponent") or ("Debtor") submits her Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code, in the form annexed hereto and made a part hereof.

> **HITESHRI PATEL**
> Plan Proponent
>
> **Middlebrooks Shapiro, P.C.**
> 841 Mountain Avenue, First Floor
> Springfield, New Jersey 07081
> (973) 218-6877
> (fax) (973) 218-6878
> Attorneys for Hiteshri Patel,
> Plan Proponent
>
> /s/ Melinda Middlebrooks
> By:  Melinda D. Middlebrooks, Esq.

Dated: November 20, 2020

This Combined Plan of Reorganization and Disclosure Statement is presented to you to inform you of the proposed Plan for restructuring the debt of Hiteshri Patel, Chapter 11 Debtor, Debtor-in-Possession and Plan Proponent (the "Plan Proponent" or the "Debtor") and to seek your vote to accept the Plan. You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO THE ADEQUACY OF THE DISCLOSURES MADE IN THIS DOCUMENT, OR YOU MAY OBJECT TO THE TERMS OF THE PROPOSED PLAN. IF YOU WISH TO OBJECT TO THE ADEQUACY OF THE DISCLOSURES OR TO THE TERMS OF THE PROPOSED PLAN, YOU MUST DO SO BY _____, 20__.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY THE CLOSE OF BUSINESS ON _____, 20__. THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS: MIDDLEBROOKS SHAPIRO, P.C., 841 MOUNTAIN AVENUE, FIRST FLOOR, SPRINGFIELD, NEW JERSEY 07081.**

**A HEARING ON THE CONFIRMATION OF THE PLAN IS SCHEDULED FOR __:__ .M. ON _____, 20__ IN COURTROOM NO. 2 AT THE UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY, 402 EAST STATE STREET, TRENTON, NEW JERSEY.**

Your rights may be affected by this Combined Plan and Disclosure Statement. You should consider discussing this document with an attorney.

Dated: November 20, 2020

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**I.      Summary of the Plan and Distributions to Creditors** ...................................................... 1

**Article 1  Background of the Debtor** .................................................................... 1
    1.1   Filing of the Debtor's Chapter 11 Case ...................................................... 1
    1.2   All Sources of the Debtor's Income ............................................................ 1
    1.3   Past, Current and Projected Income and Expenses ...................................... 1
    1.4   Debtor's Assets ........................................................................................... 2
    1.5   Past, Current and Projected Income and Expenses ...................................... 3
    1.6   Other Relevant Financial Date .................................................................... 3
    1.7   Events Leading to the Filing of the Bankruptcy Case ................................. 3
    1.8   Significant Events During the Bankruptcy Case ......................................... 4
    1.9   Projected Recovery of Avoidable Transfers ............................................... 5

**Article 2  Classes of Claims** ............................................................................... 5
    2.1   Unclassified Claims .................................................................................... 6
    2.2   Classes of Claims ........................................................................................ 7
    2.3   Estimated Number and Amounts of Claims Objections ............................ 14
    2.4   Treatment of Executory Contracts and Unexpired Leases ........................ 15
    2.5   Means for Implementation of the Plan ...................................................... 15
    2.6   Omitted ...................................................................................................... 15
    2.7   Tax Consequences of Plan ........................................................................ 16
    2.8   Risk Factors/Mitigating Factors ............................................................... 16

**Article 3  Feasibility of Plan** ............................................................................ 16
    3.1   Ability to Initially Fund Plan .................................................................... 17

**Article 4  Liquidation Analysis** ........................................................................ 17

**Article 5  Discharge** .......................................................................................... 17
    5.1   Discharge ................................................................................................... 17

**Article 6  General Provisions** ............................................................................ 17
    6.1   Title to Assets ............................................................................................ 17
    6.2   Binding Effect ............................................................................................ 17
    6.3   Severability ................................................................................................ 17
    6.4   Retention of Jurisdiction by the Bankruptcy Court ................................... 18
    6.5   Captions ..................................................................................................... 18
    6.6   Modification of Plan .................................................................................. 18
    6.7   Final Decree ............................................................................................... 18
    6.8   Material Default Defined ........................................................................... 18

**Article 7  Attachments** ................................................................................................ 19

**Article 8  Frequently Asked Questions** ...................................................................... 19

**Article 9  Definitions** ................................................................................................... 20
    9.1  Definitions............................................................................................. 20
    9.2  Administrative Claimant ....................................................................... 20
    9.3  Administrative Convenience Class ........................................................ 20
    9.4  Administrative Expense ......................................................................... 20
    9.5  Administrative Tax Claim...................................................................... 21
    9.6  Allowed Claim ...................................................................................... 21
    9.7  Allowed Priority Tax Claim................................................................... 21
    9.8  Allowed Secured Claim ......................................................................... 21
    9.9  Allowed Unsecured Claim ..................................................................... 21
    9.10  Bankruptcy Code or Code...................................................................... 21
    9.11  Bankruptcy Court................................................................................... 21
    9.12  Bankruptcy Rule .................................................................................... 21
    9.13  Cash....................................................................................................... 21
    9.14  Chapter 11 Case .................................................................................... 21
    9.15  Claim..................................................................................................... 21
    9.16  Class...................................................................................................... 21
    9.17  Committee.............................................................................................. 21
    9.18  Confirmation ......................................................................................... 22
    9.19  Confirmation Date ................................................................................. 22
    9.20  Confirmation Hearing ............................................................................ 22
    9.21  Confirmation Order................................................................................ 22
    9.22  Creditor ................................................................................................. 22
    9.23  Debtor and Debtor-in-Possession .......................................................... 22
    9.24  Disclosure Statement ............................................................................. 22
    9.25  Disputed Claim ...................................................................................... 22
    9.26  Distributions.......................................................................................... 22
    9.27  Effective Date ........................................................................................ 22
    9.28  Executory Contracts .............................................................................. 22
    9.29  Final Order ............................................................................................ 22
    9.30  IRC ........................................................................................................ 22
    9.31  Petition Date.......................................................................................... 22
    9.32  Plan ....................................................................................................... 22
    9.33  Plan Proponent ...................................................................................... 22
    9.34  Priority Tax Claim ................................................................................. 23
    9.35  Reorganized Debtor ............................................................................... 23
    9.36  Schedules .............................................................................................. 23
    9.37  Secured Creditor .................................................................................... 23
    9.38  Unsecured Creditor ................................................................................ 23

## SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS

### ARTICLE 1
### BACKGROUND OF THE DEBTOR

**1.1.** **Filing of the Debtor's Chapter 11 Case**

On June 25, 2020 (the "Filing Date"), the Debtor caused a voluntary petition for relief under Chapter 11 of the Bankruptcy Code to be filed. The Chapter 11 case is pending in the Bankruptcy Court in Trenton, New Jersey.

**1.2.** **All Sources of the Debtor's Income**

The Debtor is an ultrasound technician who works at University Radiology. This is the sole source of the Debtor's current income.

**1.3.** **Past, Current and Projected Income and Expenses**

**A. Past Income.**

In 2019, the Debtor's gross income was $.00. In 2018, the Debtor's gross income was $258,714.00. In 2017, the Debtor's gross income was $89,276.00.

**B. Current Income.**

Total Net Monthly Income:                    $4,600.55[1]
Total Monthly Expense:                       $2,307.07[2]

Attached as <u>Exhibit</u>   is a true and correct copy of Debtor's amended Schedule I and J filed on November 20, 2020.

**C. Projected Income and Expenses.**

Attached as <u>Exhibit</u>   is a five (5) year projection of the Debtor's anticipated income and expenses.

A. Where the Debtor was self-employed, or had an interest in a business in the  last two years, provide the following information:

    1.     Business Name:  Garden State Diagnostic Imaging Center
    2.     Nature of Business:  Diagnostic Imaging
    3.     Business Type:  Partnership
    4.     Debtor's percentage of ownership interest: 33.3334%

B. Where the Debtor was self-employed, or had an interest in a business in the  last two years, provide the following information:

    1.     Business Name:  Shardanu Pizza Prs1, Inc.
    2.     Nature of Business:  Retail Food

---

[1] *See*, Main Case, Docket No. 98, Amended Schedule I.
[2] *See*, Main Case, Docket No. 98, Amended Schedule J.

      3.     Business Type: Corporation
      4.     Debtor's percentage of ownership interest: 33.3%

C.  Where the Debtor was self-employed, or had an interest in a business in the last two years, provide the following information:

      1.     Business Name:  Shardanu Pizza Prs2, Inc.
      2.     Nature of Business:  Retail Food
      3.     Business Type: Corporation
      4.     Debtor's percentage of ownership interest: 33.3%

D.  Where the Debtor was self-employed, or had an interest in a business in the last two years, provide the following information:

      1.     Business Name:  Shardanu Pizza Prs3, Inc.
      2.     Nature of Business:  Retail Food
      3.     Business Type: Corporation
      4.     Debtor's percentage of ownership interest: 33.3%

E.    Where the Debtor was self-employed, or had an interest in a business in the last two years, provide the following information:

      1.     Business Name:  18885 NW Park Ridge Way, LLC
      2.     Nature of Business:  Rental Property
      3.     Business Type: Corporation
      4.     Debtor's percentage of ownership interest: 40%

Attached as <u>Exhibit</u> D are copies of the balance sheets, income statements and cash flow statements for the businesses for the two (2) years preceding the bankruptcy filing.

## 1.4.  **Debtor's Assets**

| Asset[3] | Description | Value of Debtor's Interest |
|---|---|---|
| 223 Gordons Corner Road Marlboro, NJ 07746 | Single family residence | $432,500.00 |
| 164 Beach House Jersey City, NJ 07307 | Single family house | 190,000.00 |
| 714 S. Halliday Street Anaheim, CA 92804 | Single family house | 367,500.00 |
| 10535 NE Park Ridge Way Hillsboro, OR 97006 | Single family house | 140,000.00 |
| 2014 Honda Accord | 87,100 mileage | 4,680.00 |
| 2019 Hyundai Ioniq Hybrid | 23,100 mileage | 14,050.00 |
| Household goods and furnishings | Location: 223 Gordons Corner Road, Marlboro, NJ 07746 | 3,000.00 |
| Used household electronics, tv, computer and phone | Location: 223 Gordons Corner Road, Marlboro, NJ 07746 | 500.00 |
| Used bicycle | Location: 223 Gordons Corner Road, Marlboro, NJ 07746 | 50.00 |

---

[3] As of the Filing Date.

| | | |
|---|---|---|
| Used ladies clothing | Location: 223 Gordons Corner Road, Marlboro, NJ 07746 | 200.00 |
| Used costume jewelry | Location: 223 Gordons Corner Road, Marlboro, NJ 07746 | 100.00 |
| Checking account | Chase (9024) | .00 |
| Checking account | Chase (1376) | 27.27 |
| Checking account | M&T Bank (9621) | 4,334.00 |
| Checking account | Chase (6961) | 141.63 |
| Checking account | Chase (2682) | 74.29 |
| Savings account | Chase (3162) | 97.69 |
| Whole Life Insurance | New York Life | 2,014.93 |
| **Total Assets** | | |
| | | |
| **Minus Exemptions** | | |
| | | |
| 2014 Honda Accord | 11 U.S.C. §522(d)(2) | 4,000.00 |
| 2014 Honda Accord | 11 U.S.C. §522(d)(5) | 680.00 |
| 2019 Hyundai Ioniq Hybrid | 11 U.S.C. §522(d)(5) | 7,829.12 |
| 2019 Hyundai Ioniq Hybrid | 11 U.S.C. §522(d)(5) | 666.00 |
| Used household goods | 11 U.S.C. §522(d)(3) | 3,000.00 |
| Used electronics | 11 U.S.C. §522(d)(3) | 500.00 |
| Used bicycle | 11 U.S.C. §522(d)(5) | 50.00 |
| Used clothing | 11 U.S.C. §522(d)(3) | 200.00 |
| Costume jewelry | 11 U.S.C. §522(d)(4) | 100.00 |
| Savings account | 11 U.S.C. §522(d)(5) | 97.67 |
| Checking account | 11 U.S.C. §522(d)(5) | 27.27 |
| Checking account | 11 U.S.C. §522(d)(5) | 4,334.00 |
| Checking account | 11 U.S.C. §522(d)(5) | 141.63 |
| Checking account | 11 U.S.C. §522(d)(5) | 74.29 |
| Shardanu Pizza (2 locations) | 11 U.S.C. §522(d)(5) | unknown |
| Whole life Insurance | 11 U.S.C. §522(d)(8) | 2,014.93 |
| **Total Non-Exempt Assets** | | $  23,714.91 |
| **Not Property of the Estate**: | | |
| IRA (JPMorgan Chase) | 11 U.S.C. §522(d)(12) | 258,983.31 |

## 1.5.   Past, Current and Projected Income and Expenses

This section identifies allowed secured Claims, naming the collateral for such debts, priority Claims and unsecured Claims against the estate either in this section or in an attached Exhibit.

## 1.6.   Other Relevant Financial Data

There is no other relevant financial data pertaining to the Debtor.

## 1.7.   Events Leading to the Filing of the Bankruptcy Case

Here is a brief summary of the circumstances that led to the filing of this Chapter 11 case.  A

business in which the Debtor held an interest, Garden State Diagnostic Imaging {"GSDI"), business operations failed. The Debtor had personally guaranteed certain of GSDI's debt which resulted in her financial difficulties.

### 1.8.  Significant Events During the Bankruptcy Case

| 6/25/2020 | Chapter 11 Petition filed |
|---|---|
| 6/25/2020 | Application for Retention of Middlebrooks Shapiro, P.C. as Chapter 11 Bankruptcy Counsel filed (Order entered 8/6/2020 (Docket No. 46)) |
| 6/29/2020 | Subchapter V trustee appointed (Order terminating Subchapter V trustee on 8/3/2020 (Docket No. 43)) |
| 7/9/2020 | Application for Retention of Waldman Tax & Financial Services filed  (Docket No. 16) |
| 7/17/2020 | Amended Schedules A/B, E/F, I, Summary of Schedules (Order entered 7/20/2020 (Docket No. 28)) |
| 7/22/2020 | Initial Monthly Operating Report filed (Docket No. 30) |
| 7/23/2020 | Application for Retention of Szeto & Ibarra, LLP filed (Objection filed by UST Docket No. 41) (Application withdrawn 8/7/2020 (Docket No. 49)) |
| 8/19/2020 | Monthly Operating Report for June 26 – July, 2020 (Docket No. 53) |
| 8/24/2020 | Application for entry of Stipulation and Consent Order for NFS Leasing, Inc to file a non-dischargeability complaint and object to Debtor's exemptions (Docket No. 58) |
| 9/2/2020 | Entry of Consent Order allowing NFS Leasing, Inc. an extension of time to file a non-dischargeability action and object to Debtor's exemptions (Docket No. 61) |
| 9/10/2020 | Final Application for Fees filed by Subchapter V trustee (Docket No. 64) |
| 9/21/2020 | Monthly Operating Report for August, 2020 (Docket No. 69) |
| 9/21/2020 | Application for entry of a second Stipulation and Consent Order for extension of time to file a non-dischargeability action (Docket No. 71) |
| 9/22/2020 | Order requiring Debtor to file a Plan and Disclosure Statement by November 20, 2020 (Docket No. 72) |
| 9/28/2020 | Entry of Consent Order allowing NFS Leasing, Inc. an extension of time to file a non-dischargeability action to October 21, 2020 (Docket No. 75) |
| 10/7/2020 | Monthly Operating Report for September, 2020 (Docket No. 77) |
| 10/8/2020 | Order Granting Subchapter V trustee's Application for Compensation (Docket No. 78) |
| 10/10/2020 | Monthly Operating Report for September, 2020 (Docket No. 82) |

| 10/21/2020 | Motion for Entry of an Order Extending the Deadline for NFS to Object to Debtor's Discharge filed on behalf of NFS Leasing, Inc. (Docket No. 82) |
| 11/10/2020 | Objection to Motion for Entry of an Order Extending the Deadline for NFS Leasing, Inc. to Object to Debtor's Discharge filed on behalf of the Debtor (Docket No. 87) |
| 11/10/2020 | Motion to Quash 2004 Subpoena issued by NFS Leasing, Inc. to the Debtor (Docket No. 89) |
| 11/17/2020 | Response to the Objection to NFS Leasing, Inc.'s Motion for Entry of an Order Extending the Deadline for NFS Leasing, Inc. to Object to Debtor's Discharge filed on behalf of NFS Leasing, Inc. (Docket No. 91) |
| 11/17/2020 | Amended Motion to Correct Hearing Date and Submit Memorandum of Law in Support of Motion to Quash 2004 Subpoena issues by NFS Leasing, Inc. (Docket No. 92) |
| 11/17/2020 | Motion for Order Authorizing the Debtor to File an Individual Combined Chapter 11 plan of Reorganization and Disclosure Statement (Docket No. 93 |
| 11/17/2020 | Order Extending the Deadline for NFS Leasing, Inc. to File a Non-Dischargeability Action to November 20, 2020 (Docket No. 95) |
| 11/20/2020 | Individual Debtor's Chapter 11 Combined Plan of Reorganization and Disclosure Statement filed on behalf of the Debtor (Docket No. 96) |

**1.9.    <u>Projected Recovery of Avoidable Transfers</u>**

The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

**ARTICLE 2**
**<u>THE PLAN</u>**

The Debtor's Plan must describe how her Creditors will be paid.  Certain Claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment.  For example, Administrative Expenses and Priority Tax Claims are not classified.

As required by the Code, the Plan places Claims in various classes and describes the treatment each class will receive.  The Plan also states whether each class of Claims is impaired or unimpaired.  A Claim can be impaired if the Plan alters the legal, equitable or contractual rights to which the holder of the Claim is otherwise entitled.  If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote.  A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.

## 2.1.  **Unclassified Claims**

Certain types of Claims are automatically entitled to specific treatment under the Code.  For example, Administrative Expenses and Priority Tax Claims are not classified.  They are not  considered impaired, and holders of such Claims do not vote on the Plan.  They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code.  As such, the Plan does not place the following Claims in any class:

### A.    **Administrative Expenses**

The Debtor must pay all Administrative Expenses in full.  If an Administrative  Expense is disputed, the Bankruptcy Court must determine the validity and amount of the  Administrative Expense, or in other words, "allow" the Administrative Expense.  Any Administrative Expense that is undisputed and is due and owing on the Confirmation  Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Claimant.  If the Administrative Expense is  disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1.      If the Debtor makes any purchases or obtains any services following her filing of the Chapter 11 Case, Creditors are entitled to be paid in full for  the goods or services provided.  This debt incurred by the Debtor after the Petition Date will be paid on an ongoing basis in accordance with the ordinary practices and terms between the Debtor and her Creditors.

2.      If the Debtor received goods she has purchased in the ordinary course of business within 20 days before the Petition Date, the value of the goods received is an Administrative Expense.

The following chart lists the Debtor's estimated Administrative Expenses  (excluding fees and expenses owed to professionals retained by the Debtor during the  course of her bankruptcy proceedings), and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of business after the Petition Date | $.00 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| Administrative Tax Claim | .00 | Paid in full on the Effective Date or according to separate written agreement. |
| The value of goods received in the ordinary course of business within 20 days before the Petition Date | .00 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| Clerk's Office fees | .00 | Paid in full on the Effective Date. |

| | | |
|---|---|---|
| Other Administrative Expenses | .00 | Paid in full on the Effective Date or according to separate written agreement. |
| United States Trustee Fees [4] | 2,650.00 | Paid in full on the Effective Date. |
| **TOTAL** | $2,650.00 | |

1.      Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 cases. These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment. The following chart lists the Debtor's estimated fees and expenses owed to professionals, and their proposed treatment under the Plan:

| Name/Role of Professional | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Middlebrooks Shapiro, P.C. | $40,000.00 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| David Armstrong, Accountant | 5,000.00 | Paid in full on the Effective Date or according to separate written agreement. |
| **TOTAL** | $45,000.00 | |

B.      Priority Tax Claims.

        Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid [with interest as determined by applicable non-bankruptcy law] over a period not exceeding 5 years from the order of relief.

        Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

| Name of Taxing Authority/Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Internal Revenue Service/940 | $.00 | 8/10/2020[5] | No distribution |
| State of New Jersey/ Personal Income Tax | $.00 | N/A | No distribution |

**2.2.**   **Classes of Claims**

        The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

---

[4] All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.
[5] *See*, Claims Register, Amended Proof of Claim No. 1.

A.    Classes of Secured Claims.

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under § 506 of the Code.  If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim; provided, however, that the Debtor may not modify a claim secured by a security interest in real property that is his or her principal  residence.

Secured Claims are subject to the following:

1.    **Collateral to be Surrendered**: The Debtor will surrender the collateral  securing the Secured Creditor's Claim on the Effective Date of the Plan.  The  Confirmation Order shall constitute an order granting relief from the automatic  stay permitting the Secured Creditor to possess and dispose of their collateral.  Any secured claim is deemed satisfied in full through surrender of the collateral.  Any deficiency claim is a general unsecured claim.  A Class of secured claims  receiving this treatment is not impaired and is not entitled to vote on confirmation  of the Plan.

2.    **Rights Unaltered:** The Debtor will leave unaltered the Secured Creditor's  contractual, legal, and equitable rights with respect to its collateral.  A Class of  secured claims receiving this treatment is unimpaired and is not entitled to vote on  confirmation of the Plan.

3.    **Collateral to be Sold:**  The Debtor will sell the collateral securing Claims  in this Class. Claims secured by the collateral will be paid in full with interest at  the closing of the sale.  The Debtor will make [monthly/no] payments pending the  closing of the sale.  Secured Creditors in this Class may not possess or dispose of  their collateral so long as the Debtor is not in material default in performing [his/her] obligations under the Plan. A Class of secured claims receiving this  treatment is impaired and is entitled to vote on confirmation of the Plan.

4.    **Collateral to be Sold Free and Clear of Liens:**  The Debtor will sell the collateral securing claims in this Class.  The collateral will be sold free and clear  of liens.  Upon closing of the sale, the proceeds of sale will be distributed to the  holders of undisputed liens in order of priority, and disputed liens will attach to the proceeds of sale, which will be held until disputes regarding validity and/or amount of liens are resolved by the Bankruptcy Court. The Debtor will make  [monthly/no] payments pending the closing of the sale.  All lienholders will be afforded at least 28 days' notice of the hearing on the sale. Unless the Bankruptcy Court orders otherwise, a lienholder whose lien is not in bona fide  dispute may credit bid the amount of its lien at the sale.  At the hearing on the sale, the Bankruptcy Court will schedule further proceedings as necessary to  resolve disputes regarding the amount due to each lienholder. Secured Creditors in this Class may not possess or dispose of their collateral so long as the Debtor is not in material default in performing [his/her]  obligations under the Plan.  A Class of secured claims receiving this treatment is  impaired and is entitled to vote on confirmation of the Plan.

5.    **Continue Regular Monthly Payment and Pay Arrears Over Time:** The Debtor will pay the entire amount due by making all post-confirmation  regular monthly payments, and by paying all pre-confirmation arrears (including  attorneys' fees and late charges) with interest.  Secured Creditors in a Class  receiving this treatment may not possess or dispose of their collateral so long as  the Debtor is not in material default in performing [his/her] obligations under the Plan.  A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

6.    **Pay Amount Due in Full Over Time:** The Debtor will pay the entire amount due with interest through equal monthly payments. Secured Creditors in a Class receiving this treatment may not possess or dispose of their collateral so long as the Debtor is not in material default in performing [his/her] obligations under the Plan. A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

7.    **Pay Value of Collateral Over Time:** The Debtor will pay the amount of the underlying debt that is equal to the value of the collateral. The Debtor will pay this amount with interest from the Effective Debt of the plan through equal monthly payments.If a lienholder disputes the value of the collateral asserted by the Debtor, such lienholder must timely file an objection to confirmation, or the value stated by the Debtor will be determined to be the value of the collateral. Such objection shall be accompanied by competent evidence of value, which need not include an appraisal. If the value of the collateral is disputed, the Bankruptcy Court, after consultation with the parties, will schedule a hearing for a determination of value of the collateral. Secured Creditors in a Class receiving this treatment may not possess or dispose of their collateral so long as the Debtor is not in material default in performing her obligations under the Plan. A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

1.    **<u>Other</u>**

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| Class | Description | Insider (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| **Class #1** | **<u>*Secured claim of*</u>**:<br>Name = **M&T Bank**[6]<br>Collateral description = **223 Gordons Corner Rd. Marlboro, NJ 07746**<br>Allowed Secured Amount = **$289,016.16**<br>Priority of lien = **2nd Lien**<br>Principal owed = **$289,016.16**<br>Pre-pet. arrearage = **$0**<br><br>Total claim = **$289,016.16**[7] | No | Unimpaired | Monthly Pmt = **$4,617.54**<br>Pmts Begin = **9/1/2011**<br>Pmts End = **8/1/2026**<br>[Balloon pmt] = **N/A**<br>Interest rate % **4.125% (fixed)**<br>Treatment of Lien = **Unimpaired**<br>Additional payment required to cure= **N/A** |

---

[6] *See,* Docket No. 1, Petition, Schedule D at 2.2.
[7] *See,* Claims Register, Proof of Claim No. 2.

| Class | Description | Insider (Yes or | Impairment | Treatment |
|---|---|---|---|---|
| **Class #2** | ***Secured claim of***: <br><br> Name = <br> **Matrix Financial Services Corp/Flagstar Bank**[8] <br><br> Collateral description = <br> **714 S. Halliday St., Anaheim, CA 92804** <br><br> Allowed Secured Amount = <br> **$436,281.47** <br><br> Priority of lien = <br> **1st Lien** <br><br> Principal owed = <br> **$438,899.27** <br><br> Pre-pet. arrearage = <br> **$766.47** <br><br> Total claim = <br> **$436,281.47** | No | Unimpaired | Debtor to pay value of collateral in full <br><br> Monthly Pmt = **$2,172.54** <br><br> Pmts Begin = **12/1/2016** <br><br> Pmts End = **11/1/2046** <br><br> Balloon Payment **N/A** <br><br> Interest rate **3.70% (fixed)** <br><br> Treatment of Claim = **Unimpaired** |
| **Class #3** | ***Secured claim of***: <br><br> Name = <br> **US Small Business Administration**[9] <br><br> Collateral description = <br> **223 Gordons Corner Rd., Marlboro, NJ 07746** <br><br> Allowed Secured Amount = <br> **$569,395.81** <br><br> Priority of lien = <br> **Cross-Collateralized Business Loan** <br><br> Principal owed = <br> **$596,456.53** <br><br> Pre-pet. arrearage = <br> **$0** <br><br> Total claim = <br> **$596,456.53** | No | Impaired | Monthly Pmt = **$5,000.00**[10] <br><br> Pmts Begin = 10/1/2020 <br><br> Pmts End = <br><br> [Balloon pmt] = <br><br> Interest rate % <br><br> Treatment of Lien = **Impaired** <br><br> Additional payment required to cure= |

---

[8] *See*, Docket No. 1, Petition, Schedule D at 2.1 and Claims Register at Proof of Claim 2-1.

[9] *See*, Docket No. 1, Petition, Schedule D at 2.3.

[10] This one monthly payment is to address the SBA's cross-collateralized secured claim on four (4) properties.

| Class | Description | Insider (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| **Class #4** | ***Secured claim of***:<br><br>Name =<br>**US Small Business Administration[11]**<br><br>Collateral description =<br>**164 Beach House Jersey City, NJ 07307**<br>Allowed Secured Amount =<br>**$0**<br><br>Priority of lien =<br>**Cross-Collateralized Business Loan**<br><br>Principal owed =<br>**$0**<br><br>Pre-pet. arrearage =<br>**$0**<br><br>Total claim =<br>**$596,456.53** | No | Impaired | Monthly Pmt   =<br>**$5,000.00[12]**<br><br>Pmts Begin   =<br><br>Pmts End   =<br><br>[Balloon pmt] =<br><br>Interest rate %<br><br>Treatment of Lien  =<br>**Impaired**<br><br>Additional payment required to cure= |
| **Class #5** | ***Secured claim of***:<br><br>Name =<br>**US Small Business Administration[13]**<br><br>Collateral description =<br>**714 S. Halliday Street, Anaheim, CA 92804**<br>Allowed Secured Amount =<br>**$0**<br><br>Priority of lien =<br><br>Principal owed =<br>**$0**<br><br>Pre-pet. arrearage =<br>**$0**<br><br>Total claim =<br>**$596,456.53** | No | Impaired | Monthly Pmt   =<br>**$5,000.00[14]**<br><br>Pmts Begin   =<br><br>Pmts End   =<br><br>[Balloon pmt] =<br><br>Interest rate %<br><br>Treatment of Lien  =<br>**Impaired**<br><br>Additional payment required to cure= |

---

[11] *See*, Docket No. 1, Petition, Schedule D at 2.4.

[12] This one monthly payment is to address the SBA's cross-collateralized secured claim on four (4) properties.

[13] *See*, *Id*. at 2.5.

[14] This one monthly payment is to address the SBA's cross-collateralized secured claim on four (4) properties.

| Class | Description | Insider (Yes or No) | Impairment | |
|---|---|---|---|---|
| **Class #6** | ***Secured claim of***: <br><br> Name = <br>**US Small Business Administration**[15] <br><br> Collateral description = <br><br> **10535 NE Park Ridge Way, Hillsboro, OR 97006** <br> Allowed Secured Amount = <br>**$0** <br><br> Priority of lien = <br><br> Principal owed = <br>**$0** <br><br> Pre-pet. arrearage = <br>**$0** <br><br> Total claim = <br>**$0** | No | Impaired | Monthly Pmt = **$5,000.00**[16] <br><br> Pmts Begin = <br><br> Pmts End = <br><br> [Balloon pmt] = <br><br> Interest rate % <br><br> Treatment of Lien = **Impaired** <br><br> Additional payment required to cure= |

B.    Classes of Priority Unsecured Claims

Certain priority Claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment.

There are no classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code.

C.    Classes of General Unsecured Claims

General unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The following chart identifies the Plan's proposed treatment of Class 7 which contain general unsecured Claims against the Debtor:

---

[15] *See*, Docket No. 1, Petition, Schedule D at 2.6.
[16] This one monthly payment is to address the SBA's cross-collateralized secured claim on four (4) properties.

| Class #7 | Description / Amount | Impairment (Yes or No) | Class Treatment |
|---|---|---|---|
| **(1) 5th and PCH – Retail**<br>PO Box 840628<br>Los Angeles, CA 90084-0628[17] | Business Debt / $135,175.32 | Yes | Semi-Annual Pmt<br><br>= ***pro rata* share of $60,000.00 to be paid in semi-annual payments of $6,000.00 over a five (5) year (sixty (60) month) period** |
| **(2) Capref Strand LLC**<br>8333 Douglas Avenue<br>Suite 975<br>Dallas, TX  75225 | Guarantee of Business Lease / $00.00[18] | Yes | |
| **(3) Chase**<br>Cardmember Services<br>PO Box 6294<br>Carol Stream, IL 60197-6294 | Business Credit Card Charges / $26,427.38[19] | Yes | **Pmts Begin =<br>6 months following entry of non-appealable Confirmation Order** |
| **(4) Chase**<br>Cardmember Services<br>PO Box 6294<br>Carol Stream, IL  60197-6294 | Business Credit Card Charges / $25,053.46[20] | Yes | **Pmts End =<br>60 months following entry of non-appealable Confirmation Order** |
| **(5) Citi**<br>PO Box 9001037<br>Louisville, KY  40290 | Credit Card Charges / $20,025.88[21] | Yes | Estimated Percentage of Claim Paid = **Approximately three percent (1%) of allowed general unsecured claims.** |
| **(6) Costco**<br>Citicards<br>PO Box 790046<br>Saint Louis, MO 63179-0046 | Credit Card Charges / $7,774.12[22] | Yes | |
| | Credit Card Charges / $13,788.99[23] | Yes | |
| **(7) Discover**<br>PO Box 15251<br>Wilmington, DE  19886 | Guarantee of Business Lease / $60,000.00[24] | Yes | |
| **(8) DSC America, Inc**<br>c/o Kennedy Wilson Properties, Ltd.<br>151 S. El Camino Drive<br>Beverly Hills, CA  90212 | | Yes | |

---

[17] *See*, Docket No. 1, Petition, Schedule E/F at Part 1, 4.1.

[18] *See*, *Id.* at Part 1, 4.2.  No Proof of Claim was filed by or on behalf of this scheduled Creditor.

[19] *See*, *Id.* at Part 1, 4.3.

[20] *See*, *Id.* at Part 1, 4.4.

[21] *See*, *Id*. at Part 1, 4.5.

[22] *See*, *Id.* at Part 1, 4.6.

[23] *See*, *Id*. at Part 1, 4.7.

[24] *See*, *Id*. at Part 1, 4.8.

| | | | |
|---|---|---|---|
| **(9) GE HFS, LLC**<br>9900 Innovation Drive<br>RP – 2100<br>Milwaukee, WI 53226 | Guarantee of Business Debt/ $357,407.00[25] | Yes | |
| **(10) HF Holdings, Inc.**<br>PO Box 593080<br>Huntington Beach, CA 92648 | Guarantee of Business Lease/ $133,178.56[26]<br><br>Business Debt/ $350,723.49[27] | Yes | |
| **(11) Konica Minolta**<br>TIAA Commercial Finance,<br>Inc.<br>10 Waterview Boulevard<br>Parsippany, NJ 07054 | | | |
| **Total of Class 7 Allowed Claims** | | | |

| Class<br>(Disputed Claims) | Description/<br>Amount | Impaired<br>(Yes or No) | Treatment |
|---|---|---|---|
| **(14) Landmark Health/Brown Mills, LLC**<br>c/o Post Polak, P.A.<br>Attn:  David L. Epstein<br>425 Eagle Rock Avenue, Suite 200<br>Roseland, NJ  07068 | Business Debt/ $3,437,286.79[28] | Yes | No distribution |
| **(15) NFS Leasing, Inc.**<br>900 Cummings Center, Suite 226-U<br>Beverly, MA  01915 | Business Debt/ $2,401,373.81[29] | Yes | Reclassification of Claim to general unsecured claim with distribution consistent with allowed Class 7 claims. |

## 2.3.    Estimated Number and Amount of Claims Objections

---

[25] *See, Id*. at Part 1, 4.9.

[26] *See, Id*. at Part 1, 4.10.

[27] *See, Id*. at Part 1, 4.11.

[28] *See, Id*. at Part 1, 4.11 marked as "disputed" "contingent" and "unliquidated".  Creditor failed to file a Proof of Claim.

[29] *See,* Claims Register at Proof of Claim 4-2.

The Debtor may object to the amount or validity of any Claim by filing an objection with the Bankruptcy Court before the later of (i) 90 days after the Confirmation Date, or (ii) 30 days after the Claim is properly filed, and serving a copy of the objection on the holder of the Claim. Any Claim that is timely filed and not objected to in accordance with this Section 2.3 shall be deemed allowed. The Claim objected to will be treated as a Disputed Claim under the Plan. If a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance with the Plan.

| Class | Number of Claims Objected To | Amount of Claims Objected To |
|---|---|---|
| 7 | 1 | $2,401,373.81 |

## 2.4.    <u>Treatment of Executory Contracts and Unexpired Leases</u>

Executory Contracts are contracts where significant performance of the contract remains for both the Debtor and another party to the contract. The Debtor has the right to reject, assume (i.e. accept), or assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval. The paragraphs below explain the Debtor's intentions regarding [his/her] Executory Contracts (which includes its unexpired leases) and the impact such intentions would have on the other parties to the contracts.

Check all that apply:

[ ] Assumption of Executory Contracts. **No executory contracts will be assumed by the Debtor.**

No executory contracts shall be assumed by the Debtor. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code.

[ ] Rejection of Executory Contracts and Unexpired Leases. **No executory contracts or unexpired leases will be rejected by the Debtor.**

The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly shown on or not assumed before the date of the order confirming the Plan.

Rejection means that the Debtor has elected not to continue to perform the obligations under such contracts or leases. If the Debtor has elected to reject a contract or lease, the other party to the contract or lease will be treated as an Unsecured Creditor holding a Claim that arose before the bankruptcy was filed.

**The Deadline for Filing a Proof of Claim Based on a Claim Arising from the Rejection of an Executory Contract was September 3, 2020.** Any Claim based on the rejection of an Executory Contract will be barred if the proof of claim is not timely filed, unless the Bankruptcy Court orders otherwise.

## 2.5.    <u>Means for Implementation of the Plan</u>

The Debtor shall fund payments to be made under her Plan from future earnings.

On Confirmation of the Plan, all property of the Debtor, tangible and intangible, including, without limitation, licenses, furniture, fixtures and equipment, will revert, free and clear of all Claims and Equitable Interests except as provided in the Plan, to the Debtor. The Debtor expects to have sufficient cash on hand to make the payments required on the Effective Date.

As provided in Paragraph 2.1 of this Combined Plan and Disclosure Statement, all United States Trustee Fees accrued prior to the Effective Date shall be paid in full, on or before the Effective Date, by the Debtor. All United States Trustee Fees which accrue post-Effective Date shall be paid in full on a timely basis by the Debtor prior to the Debtor's case being closed, converted or dismissed.

The Debtor believes that she will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the Effective Date of the Plan, and the sources of that cash, are attached hereto.

<u>Disbursing Agent</u>

Distributions to Creditors provided for in this Plan will be made by counsel for the Reorganized Debtor.

**2.7    <u>Tax Consequences of Plan</u>**

***Creditors Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.***

The following are the anticipated tax consequences of the Plan:

There are no known tax consequences to the Debtor of the Plan since there is no penalty for forgiveness of debt if such debt is forgiven in the context of a Chapter 11 or other bankruptcy proceeding in which a Discharge is granted. Depending upon the specific creditor's business accounting method utilized, cash versus accrual, the creditor should consult their accountant(s) to address the general tax consequences of any discharge, and the general tax consequences of receipt of Plan distributions after Confirmation.

**2.8.    <u>Risk Factors/Mitigating Factors</u>**

The risk factor regarding this proposed Plan is the Debtor's continued employment and continue earning an income.

**ARTICLE 3**
**<u>FEASIBILITY OF
PLAN</u>**

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, unless such liquidation or reorganization is proposed in the Plan.

**3.1.**   **Ability to Initially Fund Plan**

The Plan Proponent believes that the Debtor will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the Effective Date of the Plan, the sources of that cash, and the amount of cash needed on the Effective Date of the Plan, are attached hereto as <u>Exhibit C</u>. Overall, the Plan will be funded through Cash available on the date of the Plan Confirmation Heraing; additional cash from projected disputable income projected to be $1,006.58 for the twelve (12) month period ending December 2021; $1,013.59 for the twelve (12) month period ending December 2022; $1,018.42 for the twelve (12) month period ending December 2023; $1,021.08 for the twelve month period ending December 2023; and $1,021.42 for the twelve (12) month period ending December 2025.

**ARTICLE 4**
**LIQUIDATION VALUATION**

To confirm the Plan, the Bankruptcy Court must find that all Creditors who do not accept the Plan will receive at least as much under the Plan as such Creditors would receive in a Chapter 7 liquidation. A liquidation analysis is attached hereto as Exhibit F.

**ARTICLE 5**
**DISCHARGE**

**5.1.**   **Discharge.**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**ARTICLE 6**
**GENERAL PROVISIONS**

**6.1.**   **Title to Assets.**

Except as otherwise provided in the Plan or in the order confirming the Plan, (i) confirmation of the Plan vests all of the property of the estate in the Debtor, and (ii) after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims of Creditors of the Debtor.

**6.2.**   **Binding Effect.**

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**6.3.**   **Severability.**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this

Plan.

### 6.4. **Retention of Jurisdiction by the Bankruptcy Court.**

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under section 1127; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

### 6.5. **Captions.**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

### 6.6. **Modification of Plan.**

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on the Plan.

Upon request of the Debtor, the United States Trustee, or the holder of an Allowed Unsecured Claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a Creditor whose Claim is provided for by the Plan to the extent necessary to take account of any payment of the Claim made other than under the Plan.

### 6.7. **Final Decree.**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

### 6.8. **Material Default Defined.**

If the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected Creditor may serve upon the Debtor and the Debtor's attorney (if any) a written notice of default. The Debtor is in material default under the Plan if the Debtor fails within 21 days of service of such notice of default, plus three additional days if served by mail, either: (i) to cure the default; or (ii) to obtain from the Bankruptcy Court an extension of time to cure the default or a determination that no default occurred.

## ARTICLE 7
## ATTACHMENTS.

The following documents accompany the Combined Plan and Disclosure Statement:

[X ]   Debtor's Assets at Fair Market Value, annexed as <u>Exhibit A</u>.
[X ]   Debtor's Liabilities, annexed as <u>Exhibit B</u>.
[X ]   Debtor's Cash Flow Forecast prepared by the Court-approved accountants over the course of the Plan, annexed as <u>Exhibit C</u>.
[X ]   Debtor's most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case, annexed as <u>Exhibit D</u>.
[X]    Summary of the Debtor's periodic operating  reports filed since the commencement of the Debtor's bankruptcy case, annexed as <u>Exhibit E</u>.
[X ]   Liquidation Analysis, annexed as <u>Exhibit F</u>.
[X]    Up-to-date Schedule I annexed hereto as <u>Exhibit G</u>.
[X ]   Up-to-date Schedule J as <u>Exhibit H</u>.


## ARTICLE 8
## FREQUENTLY ASKED QUESTIONS.

**What Is the Debtor Attempting to Do in Chapter 11?** Chapter 11 is the principal reorganization chapter of the Bankruptcy Code.  Under Chapter 11, a debtor attempts to restructure the claims held against him/her.  Formulation and confirmation of a plan of reorganization is the primary goal of Chapter 11.  When reorganization is not feasible, however, a debtor may propose a liquidating plan under Chapter 11.  The plan is the legal document which sets forth the manner and the means by which holders of claims against a debtor will be treated.

**If the Plan of Reorganization Is the Document That Governs How a Claim Will Be Treated, Why Am I Receiving This Combined Plan and Disclosure Statement?** In order to confirm a plan of reorganization [or liquidation], the Bankruptcy Code  requires that a debtor solicit acceptances of a proposed plan, which he/she is doing with this  Combined Plan and Disclosure Statement.  If the creditors are satisfied with the information  provided in the Plan and the terms of the Plan as proposed, and have voted for the Plan and  returned the requisite number of ballots to counsel for the Debtor, the Bankruptcy Court may  confirm the Plan as proposed by the Debtor.

**How Do I Determine Which Class I Am In?** To determine the class of your claim or interest, you must first determine whether your claim is secured or unsecured.  Your claim is secured if you have a validly perfected security interest in collateral owned by the Debtor.  If you do not have any collateral, your claim is unsecured.  The Table of Contents will direct you to  the treatment provided to the class in which you are grouped.  The pertinent section of the Plan  dealing with that class will explain, among other things, who is in that class, what is the size of the class, what you will receive if the Plan is confirmed, and when you will receive what the Plan has provided for you if the Plan is confirmed.  Article 2 lists all classes of claimants and their types of claims.

**Why Is Confirmation of a Plan of Reorganization Important?** Confirmation of the Plan is necessary because if the Plan is confirmed, the Debtor and all of  [his/her] creditors are bound by the terms of the Plan.  If the Plan is not confirmed, the Debtor may not pay creditors

as proposed in the Plan while the Debtor remains in bankruptcy.

**What Is Necessary to Confirm a Plan of Reorganization?**
Confirmation of the Plan requires, among other things, the vote in favor of the Plan of two-thirds in total dollar amount and a majority in number of claims actually voting in each voting class.  If the vote is insufficient, the Bankruptcy Court can still confirm the Plan, but only if certain additional elements regarding the ultimate fairness of the Plan to the creditors are shown.

**Am I Entitled to Vote on the Plan?**  Any creditor of the Debtor whose claim is IMPAIRED under the Plan is entitled to vote, if either (i) the creditor's claim has been scheduled by the Debtor and such claim is not scheduled as disputed, contingent, or unliquidated, or (ii) the creditor has filed a proof of claim on or before the last date set by the Bankruptcy Court for such filings.  Any claim to which an objection has been filed (and such objection is still pending) is not entitled to vote, unless the Bankruptcy Court temporarily allows the creditor to vote upon the creditor's motion.  Such motion must be heard and determined by the Bankruptcy Court prior to the date established by the Bankruptcy Court to confirm the Plan.

**How Do I Determine Whether I Am in an Impaired Class?**  Article 2 of the Plan identifies the classes of creditors whose claims are impaired.  If your claim is impaired, your vote will be considered by the Bankruptcy Court.

**When Is the Deadline by Which I Need to Return My Ballot?**  The Plan is being distributed to all claim holders for their review, consideration and approval.  The deadline by which ballots must be returned is_____, 20__.  Ballots should be mailed to the following address:

**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
Attn: Patel Ballot Section

**How Do I Determine When and How Much I Will Be Paid?**  In Article 2 and <u>Exhibit</u> the Debtor has provided both written and financial summaries of what it anticipates each class of creditors will receive under the Plan.

**ARTICLE 9**
**DEFINITIONS**

**9.1.**    The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan.  The definitions that follow that are found in the Code are for convenience of reference only, and are superseded by the definitions found in the Code.

**9.2.**    **Administrative Claimant**: Any person entitled to payment of an Administration Expense.

**9.3.**    **Administrative Convenience Class:**  A class consisting of every unsecured claim that is less than or reduced to an amount that the Bankruptcy Court approves as reasonable and necessary for administrative convenience.

**9.4.**    **Administrative Expense**: Any cost or expense of administration of the Chapter 11 case entitled to priority under Section 507(a)(2) of the Code and allowed under Section 503(b) of the

Code, including without limitation, any actual and necessary expenses of preserving the Debtor's estate, any actual and necessary expenses incurred following the filing of the bankruptcy petition by the Debtor-in-Possession, allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtor under Chapter 123, Title 28, United States Code.

**9.5    Administrative Tax Claim**: Any tax incurred pursuant to Section 503(b)(1)(B) of the Code.

**9.6.    Allowed Claim**: Any claim against the Debtor pursuant to Section 502 of the Code to the extent that: (a) a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court or without objection by the Debtor, and (b) as to which either (i) a party in interest, including the Debtor, does not timely file an objection, or (ii) is allowed by a Final Order.

**9.7.    Allowed Priority Tax Claim**: A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.8.    Allowed Secured Claim**: Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code

**9.9.    Allowed Unsecured Claim**: An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.10.    Bankruptcy Code or Code**: The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

**9.11.    Bankruptcy Court**: The United States Bankruptcy Court for the District of New Jersey.

**9.12.    Bankruptcy Rules**:  The Federal Rules of Bankruptcy Procedure.

**9.13.    Cash**: Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtor, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

**9.14.    Chapter 11 Case**: This case under chapter 11 of the Bankruptcy Code in which  Hiteshri Patel is the Debtor-in-Possession.

**9.15    Claim**: Any "right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5).

**9.16.    Class**: A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

**9.17.    Committee**: Any Committee of Creditors appointed by the United States Trustee in the

chapter 11 case pursuant to Section 1102 of the Bankruptcy Code.

**9.18.**   **Confirmation**: The entry by the Bankruptcy Court of an order confirming this Combined Plan and Disclosure Statement.

**9.19.**   **Confirmation Date**: The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**9.20.**   **Confirmation Hearing**: The hearing to be held on _____, 20__ to consider confirmation of the Plan.

**9.21.**   **Confirmation Order**: An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

**9.22.**   **Creditor**: Any person who has a Claim against the Debtor that arose on or before the Petition Date.

**9.23.**   **Debtor** and **Debtor-in-Possession**:   Hiteshri Patel, the debtor-in-possession in this Chapter 11 Case.

**9.24.**   **Disclosure Statement:**   The Disclosure Statement served by the Plan Proponent in connection with this Plan.

**9.25.**   **Disputed Claim:** Any claim against the Debtor pursuant to Section 502 of the Code that the Debtor has in any way objected to, challenged or otherwise disputed.

**9.26.**   **Distributions**: The property required by the Plan to be distributed to the holders of Allowed Claims.

**9.27.**   **Effective Date**: The Effective Date shall be the date on which the Order of Confirmation becomes final pursuant to D.N.J. LBR 3016-1(b).

**9.28.**   **Executory Contracts**: All unexpired leases and executory contracts as described in Section 365 of the Bankruptcy Code.

**9.29.**   **Final Order**: An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

**9.30.**   **IRC**: The Internal Revenue Code

**9.31.**   **Petition Date**: June 25, 2020, the date the chapter 11 petition for relief was filed.

**9.32.**   **Plan**: This Combined Plan and Disclosure Statement, either in its present form or as it may be altered, amended, or modified from time to time.

**9.33.**   **Plan Proponent**: The individual or entity that has filed this Combined Plan and Disclosure Statement.

**9.34.    Priority Tax Claim**:  Any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

**9.35.    Reorganized Debtor**: The Debtor after the Effective Date.

**9.36.    Schedules**: Schedules and Statement of Financial Affairs, as amended, filed by the Debtor with the Bankruptcy Court listing liabilities and assets.

**9.37.    Secured Creditor**: Any Creditor that holds a Claim that is secured by property of the Debtor.

**9.38.    Unsecured Creditor**: Any Creditor that holds a Claim in the Chapter 11 case which is not a secured Claim.

Respectfully submitted,

**MIDDLEBROOKS SHAPIRO, P.C.**
Counsel to the Chapter 11 Debtor and
Debtor-In-Possession, Hiteshri Patel,
Plan Proponent

/s/ Melinda Middlebrooks
By: Melinda D. Middlebrooks, Esq.

November 20, 2020

Exhibit



"A"

## **EXHIBIT A**

## **FAIR MARKET VALUE OF DEBTOR'S ASSETS**

**To Be Provided**

# Exhibit

# "B"

## **EXHIBIT B**

## **DEBTOR'S LIABILITIES**

**To Be Provided**

# Exhibit

## "C"

**HITESHRI AND HIMANSHU PATEL**
**FORECASTED CASH FLOWS**
**FOR THE 5 YEAR PERIOD ENDING NOVEMBER 30, 2025**

**HITESHRI AND HIMASHU PATEL**
**TABLE OF CONTENTS**

Accountants' Compilation Report on Forecast                              1

Cash Flow Forecast                                                       2

Forecast Assumptions                                                     3



**Kotulak & Company, CPA, PC**

*Certified Public Accountants*

Thomas M. Kotulak, CPA, PFS – tkotulak@kotulakcpa.com
Jonathan T. Kotulak, CPA, MBA – jkotulak@kotulakcpa.com
David Armstrong, CPA – darmstrong@kotulakcpa.com
Marina Kosoy-Shushkovsky, CPA – mkosoy@kotulakcpa.com

1035 Route 46 East, Suite B-107, Clifton, New Jersey 07013
Phone (973) 773-5050    Fax (973) 773-5266
**www.kotulakcpa.com**

November 20, 2020

Hiteshri and Himanshu Patel

We have compiled the accompanying cash flow forecast for the five years ending November 30, 2025, in accordance with attestation standards established by the American Institute of Certified Public Accountants.

A compilation is limited to presenting in the form of a forecast information that is the representation of the individual and does not include evaluation of the support for the assumptions underlying the forecast. We have not examined the forecast and, accordingly, do not express an opinion or any other form of assurance on the accompanying statement or assumptions. Furthermore, there will usually be differences between the forecasted and actual results because events and circumstances frequently do not occur as expected, and those differences may be material. We have no responsibility to update this report for events and circumstances occurring after the date of this report.

Kotulak & Company, CPA, PC
Clifton, NJ

1

Hiteshri and Himanshu Patel

Cash Flow Forecast

For the 12 month periods ending November 30, 2021, 2022, 2023, 2024, and 2025

| | Year Ending 11/30/2021 | Year Ending 11/30/2022 | Year Ending 11/30/2023 | Year Ending 11/30/2024 | Year Ending 11/30/2025 | Total |
|---|---|---|---|---|---|---|
| **Income** | | | | | | |
| Per Diem Wages | $ 55,207 | $ 56,863 | $ 58,569 | $ 60,326 | $ 62,136 | $ 293,099 |
| Spouse Self Employed Income | 221,328 | 226,861 | 232,533 | 238,346 | 244,305 | 1,163,373 |
| Spouse Rental Income | 48,000 | 48,000 | 48,000 | 48,000 | 48,000 | 240,000 |
| **Total Income** | 324,535 | 331,724 | 339,101 | 346,672 | 354,440 | 1,696,472 |
| | | | | | | |
| **Expenditures** | | | | | | |
| Food and Housekeeping Supplies | 9,600 | 9,888 | 10,185 | 10,490 | 10,805 | 50,968 |
| Medical Expense | 24,072 | 24,794 | 25,538 | 26,304 | 27,094 | 127,803 |
| Clothing and Personal Care | 2,100 | 2,163 | 2,228 | 2,295 | 2,364 | 11,149 |
| Mortgage Expense | 111,016 | 114,346 | 117,777 | 121,310 | 124,949 | 589,399 |
| Homeowners' Insurance and Maintenace | 9,636 | 9,925 | 10,223 | 10,530 | 10,845 | 51,159 |
| Meals and Entertainment | 3,600 | 3,708 | 3,819 | 3,934 | 4,052 | 19,113 |
| Income and Payroll Tax Expense | 8,984 | 9,254 | 9,531 | 9,817 | 10,112 | 47,697 |
| Travel/Commute | 4,200 | 4,326 | 4,456 | 4,589 | 4,727 | 22,298 |
| Utilities | 8,340 | 8,590 | 8,848 | 9,113 | 9,387 | 44,278 |
| Charitable Contributions | 3,000 | 3,090 | 3,183 | 3,278 | 3,377 | 15,927 |
| Automobile Expense | 7,023 | 7,233 | 7,450 | 7,674 | 7,904 | 37,284 |
| Insurance Expense | 34,020 | 35,041 | 36,092 | 37,175 | 38,290 | 180,617 |
| Rental Property Expenses | 10,905 | 11,232 | 11,569 | 11,916 | 12,274 | 57,896 |
| SBA Loan Payment | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 | 300,000 |
| Education for Employment | 360 | 371 | 382 | 393 | 405 | 1,911 |
| Administrative Fees | 12,000 | 12,000 | 12,000 | 12,000 | 12,000 | 60,000 |
| Trustee Fees | 3,600 | 3,600 | 3,600 | 3,600 | 3,600 | 18,000 |
| **Total Expenditures** | 312,456 | 319,561 | 326,880 | 334,419 | 342,183 | 1,635,499 |
| Net Cash Flows | $ 12,079 | $ 12,163 | $ 12,221 | $ 12,253 | $ 12,257 | $ 60,973 |

See Independent Accountants' Compilation Report and Management's Forecast Assumptions

2

Hiteshri and Himanshu Patel

Cash Flow Forecast Assumptions

For the 5 years ended November 30, 2021, 2022, 2023, 2024, and 2025

**Revenues:**

Mrs. Patel's revenue is based on current year wage earnings and estimated based on anticipated increase in wages per Mrs. Patel. Mr. Patel's revenue is from his self-employed business' recent history and estimated future revenues as represented. Rental income is based on anticipated monthly rent received from two rental properties.

**Expenditures:**

Expenditures are based upon the last 12 months of expenses adjusted for non-recurring events, unless otherwise specifically stated. An inflation factor of 3% is built into the forecast, where applicable. Income tax expense is as per projected federal and state income tax liabilities based on projected revenue and estimated deductions from most recent tax filing along with mandatory federal payroll tax deductions.

# Exhibit

## "D"

**Miscellaneous:**

20-17880-KCF Hiteshri Patel

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 3 (Trenton) |
| Assets: y | Judge: KCF | Case Flag: EXTOBDIS |

## U.S. Bankruptcy Court

### District of New Jersey

Notice of Electronic Filing

The following transaction was received from Angela Nascondiglio Stein entered on 11/20/2020 at 4:32 PM EST and filed on 11/20/2020

**Case Name:**        Hiteshri Patel
**Case Number:**      20-17880-KCF
**Document Number:** 99

**Docket Text:**
Monthly Operating Report for Filing Period October, 2020 filed by Angela Nascondiglio Stein on behalf of Hiteshri Patel. (Stein, Angela)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Oct2020Final.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=11/20/2020] [FileNumber=57381318
-0] [705f82906f902bfb6e8122f52b69bb51eca06874b04d97f2a2650ba427bb01b2e
16e229564f85a23d68350459dc180367c9f1dab00cff40516809c55a8546887]]

**20-17880-KCF Notice will be electronically mailed to:**

Lauren Bielskie on behalf of U.S. Trustee U.S. Trustee
lauren.bielskie@usdoj.gov

Denise E. Carlon on behalf of Creditor MATRIX FINANCIAL SERVICES CORP.
dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Robert Davidow on behalf of Creditor MATRIX FINANCIAL SERVICES CORP.
nj.bkecf@fedphe.com

James N. Lawlor on behalf of Creditor NFS Leasing, Inc.
jlawlor@wmd-law.com

Melinda D. Middlebrooks on behalf of Debtor Hiteshri Patel
middlebrooks@middlebrooksshapiro.com, melindamiddlebrooks@gmail.com

Nicole M. Nigrelli on behalf of Trustee Nicole M. Nigrelli
nnigrelli@ciardilaw.com, sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

**20-17880-KCF Notice will not be electronically mailed to:**

Ciardi Ciardi & Astin
Nicole M. Nigrelli
1905 Spruce Street
Philadelphia, PA 19103

Kotulak & Company, PC
1035 Route 46 East
Suite B-107
Clifton, NJ 07013

Szeto & Ibarra, LLP
Shatford Law
16491 Scientific Way
Irvine, CA 92618

Waldman Tax & Financial Services
7861 Valley View Street
La Palma, CA 90623

UNITED STATES BANKRUPTCY COURT

_____ DISTRICT OF NEW JERSEY_____

In re __ HITESHRI PATEL_____

Case No.    20-17880 (KCF)_____

Reporting Period: 10/6/2020 - 11/5/2020

## MONTHLY OPERATING REPORT
## (INDIVIDUAL WAGE EARNERS)
File with Court and submit copy to United States Trustee within 20 days after end of month

Include FORM MOR-1 (INDV) if debtor is a wage earner.
Substitute FORM MOR-2 (RE) for MOR-2 if case is a Single Asset Real Estate case.
Submit copy of report to any official committee appointed in the case.

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached |
|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1 (INDV) | X | |
| Bank Reconciliation (or copies of debtor's bank reconciliations) | MOR-1 (CONT) | X | |
| Copies of bank statements | | X | |
| Cash disbursements journals | | X | |
| Statement of Operations | | | |
| Balance Sheet | | | |
| Status of Postpetition Taxes | | | |
| Copies of IRS Form 6123 or payment receipt | | | |
| Copies of tax returns filed during reporting period | | | |
| Summary of Unpaid Postpetition Debts | | | |
| Listing of aged accounts payable | | | |
| Accounts Receivable Reconciliation and Aging | | | |
| Debtor Questionnaire | | X | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that the documents attached to this report
are true and correct to the best of my knowledge and belief.

_____
Signature of Debtor

Date    11-18-2020

_____
Signature of Joint Debtor

Date

_____
Signature of Authorized Individual*

Date

_____
Printed Name of Authorized Individual

Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor
is a partnership; a manager or member if debtor is a limited liability company

FORM MOR (INDV)
(9/99)

In re: ___HITESHRI PATEL_____      Case No. ___20-17880 (KCF)_____
          Debtor                          Reporting Period _10/6/2020 - 11/5/2020_____

## INDIVIDUAL DEBTOR CASH RECEIPTS AND CASH DISBURSEMENTS
( This Form must be submitted for each Bank Account maintained by the Debtor)

Amounts reported should be per the debtor's books, not the bank statement. The beginning cash should be the ending cash from the prior month or, if this is the first report, the amount should be the balance on the date the petition was filed. Attach the bank statements and a detailed list of all disbursements made during the report period that includes the date, the check number, the payee, the transaction description, and the amount. A bank reconciliation must be attached for each account. [See MOR-1 (INDV) (CONT)]

| | Current Month Actual | Cumulative Filing to Date Actual |
|---|---|---|
| **Cash - Beginning of Month** | 6,674.34 | $ - |
| | | |
| **RECEIPTS** | | |
| Wages (Net) | 3,404.53 | 12,703.00 |
| Interest and Dividend Income | | |
| Alimony and Child Support | | |
| Social Security and Pension Income | | |
| Sale of Assets | | |
| Other Income (attach schedule) | 4,657.12 | 25,268.34 |
| **Total Receipts** | 8,061.65 | 37,971.34 |
| | | |
| **DISBURSEMENTS** | | |
| **ORDINARY ITEMS** | | |
| Mortgage Payment(s) | 4,657.12 | 20,245.54 |
| Rental Payment(s) | | |
| Other Secured Note Payments | | |
| Utilities | 90.88 | 1,450.21 |
| Insurance | 0.00 | 3,813.64 |
| Auto Expense | 0.00 | 66.03 |
| Lease Payments | | |
| IRA Contributions | | |
| Repairs and Maintenance | 0.00 | 309.16 |
| Medical Expenses | | |
| Household Expenses | 84.04 | 636.83 |
| Charitable Contributions | | |
| Alimony and Child Support Payments | | |
| Taxes - Real Estate | | |
| Taxes - Personal Property | | |
| Taxes - Other (attach schedule) | | |
| Travel and Entertainment | 0.00 | 45.98 |
| Gifts | | |
| Other (attach schedule) | | |
| Total Ordinary Disbursements | 4,832.04 | 26,567.39 |
| **REORGANIZATION ITEMS** | | |
| Professional Fees | 0.00 | 1,500.00 |
| U. S. Trustee Fees | | |
| Other Reorganization Expenses (attach schedule) | | |
| Total Reorganization Items | 0.00 | $ 1,500.00 |
| | | |
| **Total Disbursements  (Ordinary  +  Reorganization)** | 4,832.04 | $ 28,067.39 |
| | | |
| Net Cash Flow (Total Receipts  -  Total Disbursements) | 3,229.61 | $ 9,903.95 |
| | | |
| **Cash - End of Month (Must equal reconciled bank statement)** | 9,903.95 | $ 9,903.95 |

FORM MOR-1(INDV)
(9/99)

In re __HITESHRI PATEL___                    Case No.___20-17880 (KCF)___
          Debtor                            Reporting Period: 10/6/2020 - 11/5/2020

## INDIVIDUAL DEBTOR CASH RECEIPTS AND CASH DISBURSEMENTS - continuation sheet

| BREAKDOWN OF "OTHER" CATEGORY | Current Month Actual | Cumulative Filing to Date Actual |
|---|---|---|
| **Other Income** | | |
| Bank Transfer | 0.00 | 4,100.00 |
| Unemployment Benefits | 0.00 | 11,522.00 |
| Refund of previously paid Professional Fees | 0.00 | 2,075.00 |
| Mortgage obligation on jointly owned property | 4,657.12 | 7,571.34 |
| **Other Taxes** | | |
| | | |
| | | |
| | | |
| | | |
| **Other Ordinary Disbursements** | | |
| | | |
| | | |
| | | |
| | | |
| **Other Reorganization Expenses** | | |
| | | |
| | | |
| | | |
| | | |

FORM MOR-1 (INDV) (CON'T)
(9/99)

In re HITESHRI PATEL  
     **Debtor**

Case No. 20-17880 (KCF)  
Reporting Period: 10/6/2020 - 11/5/2020

## DISBURSEMENT JOURNAL

### CASH DISBURSEMENTS

| Date | Payee | Purpose | Amount |
|------|-------|---------|--------|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Total Cash Disbursements |  |  | $          - |

### BANK ACCOUNT DISBURSEMENTS - Amboy Bank 9835

| Date | Payee | Purpose | Amount | Check # |
|------|-------|---------|--------|---------|
| 9/29/2020 | M&T Mortgage | Mortgage | $   3,200.00 | eft |
| 10/1/2020 | Flagstar Bank | Mortgage | 1,457.12 | eft |
| 10/8/2020 | Bhavani Farmers | Household | 8.68 | eft |
| 10/8/2020 | Rt 9 Farmers Market | Household | 9.70 | eft |
| 10/30/2020 | Optimum | Utilities | 90.88 | eft |
| 11/2/2020 | Costco | Household | 65.66 | eft |
|  |  |  |  |  |
| Total Bank Account Disbursements |  |  | $   4,832.04 |  |

| Total Disbursements for the Month | $   4,832.04 |
|-----------------------------------|--------------|

In re HITESHRI PATEL

Debtor

Case No. 20-17880 (KCF)

Reporting Period: 10/6/2020 - 11/5/2020

## DEBTOR QUESTIONNAIRE

| | Must be completed each month. If the answer to any of the questions is "Yes", provide a detailed explanation of each item. Attach additional sheets if necessary. | Yes | No |
|---|---|---|---|
| 1 | Have any funds been disbursed from any account other than a debtor in possession account this reporting period? | | X |
| 2 | Is the Debtor delinquent in the timely filing of any post-petition tax returns? | | X |
| 3 | Are property insurance, automobile insurance, or other necessary insurance coverages expired or cancelled, or has the debtor received notice of expiration or cancellation of such policies? | | X |
| 4 | Is the Debtor delinquent in paying any insurance premium payment? | | X |
| 5 | Have any payments been made on pre-petition liabilities this reporting period? | | X |
| 6 | Are any post petition State or Federal income taxes past due? | | X |
| 7 | Are any post petition real estate taxes past due? | | X |
| 8 | Are any other post petition taxes past due? | | X |
| 9 | Have any pre-petition taxes been paid during this reporting period? | | X |
| 10 | Are any amounts owed to post petition creditors delinquent? | | X |
| 11 | Have any post petition loans been been received by the Debtor from any party? | | X |
| 12 | Is the Debtor delinquent in paying any U.S. Trustee fees? | | X |
| 13 | Is the Debtor delinquent with any court ordered payments to attorneys or other professionals? | | X |

# HITESH R PATEL
## AMBOY BANK - BANK REC
### 10/6/2020 – 11/5/2020

Bank:  Amboy Bank

Bank Acct #:          9835

| | | |
|---|---|---|
| Balance per Bank | $ | 9,903.95 |
| Add: Deposit in Transit | | - |
| Less:  Outstanding checks | | - |
| Adjusted Bank Balance | **$** | **9,903.95** |
| | | |
| Beginning Balance per debtors' books | $ | 6,674.34 |
| Add:  Cash Receipts | | 8,061.65 |
| Less:  Cash Disbursements | | (4,832.04) |
| Ending Balance per debtors' books | | 9,903.95 |
| Adjustments: | | |
| Add: | | |
| Less: | | |
| | | |
| Adjusted Cash Balance - Debtors' books | **$** | **9,903.95** |

Outstanding checks:

| Date | Number | Payee | Amount |
|---|---|---|---|
| | | | |
| | | | $          - |

For the period 10-06-2020 to 11-05-2020    Page 1 of 1

☎ For customer service
or current rates
call: 732-591-2530

✉ Write to:
Amboy Bank
3590 U. S. Highway 9
Old Bridge, NJ 08857

💻 Visit us at
www.amboybank.com

☎ Amboy 24
(Telephone Banking)
call 1-877-24AMBOY

HITESHRI PATEL
DEBTOR IN POSSESSION
223 GORDONS CORNER ROAD
MARLBORO          NJ 07746-1257

### Annual Food Drive

**We will be collecting for local food banks
throughout the month of November.
Drop off your donations at your local branch.
to win a fun giveaway**

## Free Personal Check Account          Account number          9835

### Account Balance Summary

| | |
|---|---|
| Beginning Balance on 10-05 | $6,674.34 |
| Deposits and other credits (+) | $3,404.53 |
| Withdrawals, checks and other debits (-) | $174.92 |
| Ending Balance on 11-05 | $9,903.95 |

### Deposits and Other Credits

| Date | Description | Amount | Date | Description | Amount |
|---|---|---|---|---|---|
| 10-15 | 769077613081ANY UNIVERSITY RADIO DIRECT DEP | 1,721.47 | 10-29 | 550054770116ANY UNIVERSITY RADIO DIRECT DEP | 1,683.06 |

### Withdrawals and Other Debits

| Date | Description | Amount | Date | Description | Amount |
|---|---|---|---|---|---|
| 10-08 | 0036 - BHAVANI FARMERS PARLIN NJ 00009847 000036 | 8.68 | 10-30 | 13067502 OPTIMUM 7864 CABLE PMNT | 90.88 |
| 10-08 | 70077 - RT 9 FARMERS MAR SOUTH AMBOY NJ 78882530 070077 | 9.70 | 11-02 | 62907 - COSTCO WHSE #109 Morganville NJ 99109313 062907 | 65.66 |

PAYMENT CREATION DATE  10/30/20

 Pay by website
 Pay by phone
Customer Service
(800) 968-7291
Monday-Friday 7:30am-8:00pm ET
Saturday 8:30am-5:00pm ET

## Bankruptcy Messages

Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

## Review Home Loan Activity

### Account Information

| | |
|---|---|
| Property Address | 714 HALLODAY ST |
| Outstanding Principal Balance | $436,777.50 |
| Escrow Balance | $7,264.43 |
| Deferred Principal Balance | $550.00 |
| Interest Rate | 3.70000% |
| Prepayment Penalty | No |

### Explanation of Post-Petition Amount Due

| | |
|---|---|
| Principal | $831.98 |
| Interest | $1,340.56 |
| Escrow | $741.69 |
| Regular Monthly Payment | $2,914.23 |
| Total Fees and Charges | $750.00 |
| **Total** | **$3,664.23** |

| Payment Breakdown | Last Payment | Paid year to date |
|---|---|---|
| Principal | $829.42 | $8,180.40 |
| Interest | $1,343.12 | $13,565.00 |
| Escrow | $741.69 | $8,189.61 |
| Total Fees | $0.00 | $25.00 |
| **Total** | **$2,914.23** | **$29,950.01** |
| Taxes | | $4,035.06 |
| Insurance | | $882.15 |
| **Total** | | **$4,917.21** |

🏠 Equal Housing Lender    Member FDIC    Page 1 of 2

---

Detach and return the bottom portion with payment. Retain the top portion for your records.

# Flagstar Bank

| Loan Number | Due Date | Total Amount Due |
|---|---|---|
| | 12/01/20 | $3,664.23 |

HIMANSHU PATEL
HITESHRI PATEL

Flagstar Bank
PO Box 660263
Dallas, TX 75266-0263

| | |
|---|---|
| Additional Principal | |
| Additional Escrow (if applicable) | |
| Total Fees (include late charges) | |
| Total Advances | |
| Additional Payment(s) | |
| **Total Amount Enclosed** | $ |

824403562310006676600004264

Representation Of Printed Document

# M&T Bank

## Mortgage Statement

RETURN SERVICE ONLY
Please do not send mail to this address
P.O. Box 619063
Dallas, TX 75261-9063

6-750-83181-0000175-001-000-000-000-000

HIMANSHU K PATEL
HITESHRI H PATEL
223 GORDONS CORNER RD
MARLBORO NJ 07746-1257

Statement Date:    10/16/20

| | |
|---|---|
| Account Number: | 2130 |
| Payment Date: | 11/01/20 |
| Payment Amount: | $6,337.10 |

### Contact Us


| | |
|---|---|
| General Customer Service: | 1-800-724-2224 |
| Automated Service: | 7:30am - 9:00pm EST Mon - Fri |
| | 8:00am - 5:00pm EST Sat |
| Representatives Available: | 8:30am - 7:00pm EST Mon - Fri |
| Fax Payoff Requests | 1-866-409-2853 |
| Fax All Other Customer Service Requests | 1-866-409-4842 |
| Property Tax Questions: | 1-866-406-9949 |
| Flood and Homeowners Insurance Questions: | 1-866-862-1847 |

Correspondence Address:
PO BOX 1288
BUFFALO, NY 14240-1288
www.mtb.com

### Bankruptcy Message

Our records show that either you are a debtor in a bankruptcy or you
discharged personal liability for your mortgage loan in bankruptcy.

We are sending this statement to you for informational and compliance purposes
only. It is not an attempt to collect a debt against you.

If you want to stop receiving statements, write to us at:
M&T Bank
Attn: Customer Asset Management
P.O. Box 5165
Buffalo, NY 14240-5165

### Explanation of Payment Amount

| | |
|---|---|
| Principal | $3,651.79 |
| Interest | +$965.75 |
| Escrow (tax/insurance) | +$1,719.56 |
| Regular Monthly Payment | $6,337.10 |
| Total Payment Amount | $6,337.10 |

### Account Information

| | |
|---|---|
| Property Address | 223 GORDONS CORNER RD MARLBORO TWP NJ 07746 |
| Outstanding Principal | $280,945.04 |
| Interest Rate | 4.125% |

### Transaction Activity

| Transaction Date | Description | Total Received | Principal | Interest | Escrow | Optional Products | Subsidy | Unapplied Funds | Fees |
|---|---|---|---|---|---|---|---|---|---|
| 09/29/20 | Partial Payment Received | $6,400.00 | | | | | | $6,400.00 | |
| 09/29/20 | Payment | | $3,639.28 | $978.26 | $1,719.56 | | | -$6,337.10 | |
| 10/16/20 | County Tax Disbursement | | | | -$5,115.57 | | | | |

### Past Payments Breakdown

| | Paid Since Last Statement | Paid Year-to-Date |
|---|---|---|
| Principal | $3,639.28 | $33,359.23 |
| Interest | $978.26 | $9,262.25 |
| Escrow (Taxes & Insurance) | $1,719.56 | $15,389.82 |
| Fees | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $62.90 | $62.90 |
| Total | $6,400.00 | $58,074.20 |

### Important Messages

Partial Payments: Any partial payments that you make are not
applied to your mortgage, but instead are held in a separate
suspense account. Once M&T receives funds equal to a full monthly
payment, we will apply those funds to your mortgage account.

750-X31048-0318F

---

# M&T Bank

Make check payable to M&T Bank.

M & T BANK
PO BOX 62182
BALTIMORE MD 21264-2182

i2130

HIMANSHU K PATEL
HITESHRI H PATEL

If you are currently a party in a bankruptcy
case and you choose to make a voluntary
payment, detach and return bottom
remittance portion with your payment.
Make any checks payable to M&T Bank.

### PAYMENT AMOUNT

| | |
|---|---|
| Payment Date | 11/01/20 |
| Payment Amount | $6,337.10 |

Please designate how you want us to apply your additional funds.

| | |
|---|---|
| Additional Principal | $ |
| Additional Escrow | $ |
| Unpaid Late Charges | $ |
| Other (Must specify) | $ |
| Total Amount Enclosed | $ |

Internet Reprint

## AUTOMATED ACCOUNT INFORMATION

Account information is easy to access through M&T Bank's Automated Phone Service by calling 716-626-7010 or 1-800-724-2224. Please have your loan number and the first five (5) digits of your Social Security Number to access this convenient service. Automated information is available Monday - Friday, 7:30 a.m. to 9:00 p.m. and Saturday from 8:00 a.m. to 5:00 p.m., Eastern Time. The following information is available to you:

- Principal Balance
- Payment Information
- Year-end Information
- Special Services
- Interest Rate
- Escrow Information
- Mailing/Fax Information

**Visit our Website at www.mtb.com. Account information is easy to access and available virtually 24 hours, seven days a week.**

## ADDITIONAL INFORMATION

- Payments received after the statement date are not reflected on this statement.
- Do not send correspondence or cash with your payment.
- It is important to use the coupon and envelope provided since both contain encoding that will help ensure prompt and accurate posting of payments.
- Please designate how you want additional funds to be applied, we will apply them as directed provided your account is current. If your account is current, undesignated funds will be applied in the following order: escrow advances, late charges, NSF fees, payment shortages, all other fees and/or Principal. If you prefer additional funds be applied in a different manner please be sure to designate how you want the funds applied.
- Your payment is credited on the day it is received at our payment center, not the day it is postmarked. Automated payments made at an M&T Branch, made in United States Funds, whether made in cash or by check or money order, and received after the cutoff for that specific location, may be processed the following business day. Payments made at an M&T banking branch may not be credited the same day. Payments are not accepted at M&T mortgage origination offices.
- **Reporting of Account Information to Credit Bureaus.** We may report information about your Account to credit bureaus. Late payments, missed payments or other defaults on your Account may be reflected in your credit report. For borrowers who have filed for bankruptcy protection under Title 11 of the United States Code, we will only report information relating to the status of your bankruptcy proceeding. If you think that M&T has reported inaccurate information to a credit bureau, you may submit a dispute online with the credit bureau or write to us at M&T Bank, P.O. Box 900, Millsboro, DE 19966.
- Please direct any complaints and inquiries to M&T Bank by referencing the information listed in the "Contact Us" section. You have the right to file complaints about M&T Bank and obtain further information by calling the New York State Department of Financial Services' Consumer Assistance Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov.
  M&T Bank is exempt from the NY DFS Superintendent's mortgage loan servicer registration requirements.
- We are required by New York State to inform you that we utilize third-party providers to complete services for your accounts on our behalf. These services require that we provide information to these third-parties, which will not be shared with any other third-parties. M&T Bank remains responsible for all actions taken by the third-party providers that we utilize for these purposes.
- To locate a HUD approved counseling agency please call: 1-800-569-4287 or visit http://www.hud.gov
- **Important Tax Information:** Please allow at least 2 business days prior to year end to ensure proper credit to your account for income tax purposes in the current year.
- If you are in bankruptcy or received a bankruptcy discharge of debt, this communication is not an attempt to collect a debt against you personally, but strictly for informational purposes only.

## ERROR RESOLUTION AND INFORMATION REQUESTS MUST BE MAILED TO:

M&T Bank
P.O. Box 62986
Baltimore, MD 21264-2986

## OTHER IMPORTANT ADDRESSES

| Payments: | Correspondence: | Overnight Mail: | Insurance: | Taxes: |
|---|---|---|---|---|
| P.O. Box 62182 | P.O. Box 1288 | 1 Fountain Plaza, 7th Floor | P.O. Box 5738 | P.O. Box 23628 |
| Baltimore, MD 21264-2182 | Buffalo, NY 14240-1288 | Buffalo, NY 14203 | Springfield, OH 45501-5738 | Rochester, NY 14692 |

## HOMEOWNERS INSURANCE / PROPERTY TAX INFORMATION

- **Insurance Requirements:** The terms of your loan require that you maintain homeowners insurance coverage the amount of which must be at least equal to the lesser of the full replacement cost coverage amount or your current loan amount. We suggest that you consult your insurance company to determine these coverage amounts.
- Flood Insurance is required for all properties located in a Special Flood Hazard Area as designated by FEMA.
- In the event we determine that the property is not adequately insured, we will purchase, at your expense, a force placed policy to protect our interest. This insurance is more costly and may provide less coverage than your original policy.
- **Mortgagee Clause:** To protect our mutual interests, the mortgagee clause of your policy must include the following: M&T Bank, its Successors and/or Assigns, Mortgage loan# _____ , P.O. Box 5738, Springfield, OH 45501-5738.
- **Renewal Policies and Invoices:** For accounts with insurance in escrow, policies or invoices are due in our office thirty (30) days prior to expiration of the existing policy. If you pay your own insurance, please ensure that you provide us with your current insurance information by visiting our website at www.mycoverageinfo.com and referencing PIN # MT738.You may also mail or fax a copy of the declaration page to our office (fax #937-525-4125).
- **Damaged Property:** In the event of damage to your home, notify your insurance agent. After the claim has been filed, please contact us at 1-888-882-1855 so that we may guide you through this process.
- **Loans with Tax Escrow:** If your property taxes are paid from an escrow account with us, and you receive a tax bill, please forward the bill immediately to the following address: M&T Bank, P.O. Box 23628, Rochester, NY 14692. Please be sure to write your loan number on the bill. It is no longer necessary to forward paid tax receipts on non-escrow accounts. For property tax related questions please call 1-866-406-0949 (Fax # 1-817-826-0675).

## IMPORTANT INFORMATION FOR SERVICEMEMBERS

Pursuant to the Servicemembers Civil Relief Act you & your dependents may be eligible for certain benefits and/or protections.
For further information please contact our SCRA Servicing Team by phone 8:30am-5pm (EST) Monday-Friday, Toll Free at 1-855-350-SCRA (7272), or at 1-302-934-4872, by email at scraservicing@mtb.com, or by mail at PO Box 900, Millsboro, DE 19966.

750-x34107-0320  CH7

## HAS YOUR ADDRESS OR ANY OTHER INFORMATION CHANGED?

IF SO, PLEASE COMPLETE THIS FORM AND CHECK THE ☑ BOX ON THE REVERSE SIDE

MAILING ADDRESS _____

CITY_____ STATE ____ ZIP _____

BORROWER HOME PHONE _____ BORROWER BUSINESS PHONE _____

NAME (Please Print) _____ NAME (Please Print) _____

BORROWER SIGNATURE                          CO-BORROWER SIGNATURE

# Exhibit

## "E"

## **EXHIBIT E**

## **SUMMARY OF MONTHLY OPERATING REPORTS**

**To Be Provided**

# Exhibit

## "F"

## **EXHIBIT F**

## **LIQUIDATION ANALYSIS**

### **To Be Provided**

# Exhibit

## "G"

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Hiteshri Patel** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number | **20-17880** |
| (if known) | |

■ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

|  | | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B.......................................... | $ 1,130,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B........................................................ | $ 290,511.19 |
| | 1c. Copy line 63, Total of all property on Schedule A/B...................................................................... | $ 1,420,511.19 |

### Part 2:   Summarize Your Liabilities

|  | | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 1,331,776.74 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $ 0.00 |
| | 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*.......................... | $ 9,103,825.53 |
| | **Your total liabilities** | $ 10,435,602.27 |

### Part 3:   Summarize Your Income and Expenses

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*................................................................ | $ 26,295.88 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*........................................................................ | $ 23,988.81 |

### Part 4:   Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ■ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1    **Hiteshri Patel**                                          Case number *(if known)*  **20-17880**

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                    $ _____

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ **0.00** |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ **0.00** |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ **0.00** |
| 9d. Student loans. (Copy line 6f.) | $ _____ **0.00** |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ **0.00** |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ **0.00** |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ **0.00** |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Hiteshri Patel** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number (If known) | **20-17880** |

Check if this is:

■ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
|---|---|

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| | Occupation | **Per Diem** | **Self Employed** |
| | Employer's name | **University Radiology Group** | |
| | Employer's address | **579A CRANBURY ROAD<br>East Brunswick, NJ 08816** | |
| | How long employed there? | **4 months** | |

| Part 2: | Give Details About Monthly Income |
|---|---|

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **4,600.55** | $ **0.00** |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ **0.00** | +$ **0.00** |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ **4,600.55** | $ **0.00** |

Debtor 1    **Hiteshri Patel**

Case number (*if known*)    **20-17880**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| **Copy line 4 here** | 4. | $ | **4,600.55** | $ **0.00** |
| **5. List all payroll deductions:** | | | | |
| 5a.   **Tax, Medicare, and Social Security deductions** | 5a. | $ | **748.67** | $ **0.00** |
| 5b.   **Mandatory contributions for retirement plans** | 5b. | $ | **0.00** | $ **0.00** |
| 5c.   **Voluntary contributions for retirement plans** | 5c. | $ | **0.00** | $ **0.00** |
| 5d.   **Required repayments of retirement fund loans** | 5d. | $ | **0.00** | $ **0.00** |
| 5e.   **Insurance** | 5e. | $ | **0.00** | $ **0.00** |
| 5f.   **Domestic support obligations** | 5f. | $ | **0.00** | $ **0.00** |
| 5g.   **Union dues** | 5g. | $ | **0.00** | $ **0.00** |
| 5h.   **Other deductions.** Specify: | 5h.+ | $ | **0.00** + | $ **0.00** |
| **6. Add the payroll deductions.**  Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ | **748.67** | $ **0.00** |
| **7. Calculate total monthly take-home pay.**  Subtract line 6 from line 4. | 7. | $ | **3,851.88** | $ **0.00** |

**8. List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a.   **Net income from rental property and from operating a business, profession, or farm**<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ | **0.00** | $ **18,444.00** |
| 8b.   **Interest and dividends** | 8b. | $ | **0.00** | $ **0.00** |
| 8c.   **Family support payments that you, a non-filing spouse, or a dependent regularly receive**<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ | **0.00** | $ **0.00** |
| 8d.   **Unemployment compensation** | 8d. | $ | **0.00** | $ **0.00** |
| 8e.   **Social Security** | 8e. | $ | **0.00** | $ **0.00** |
| 8f.   **Other government assistance that you regularly receive**<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f. | $ | **0.00** | $ **0.00** |
| 8g.   **Pension or retirement income** | 8g. | $ | **0.00** | $ **0.00** |
| 8h.   **Other monthly income.** Specify:  **Rental income for Jersey City and CA properties** | 8h.+ | $ | **0.00** + | $ **4,000.00** |
| **9. Add all other income.**  Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ | **0.00** | $ **22,444.00** |

**10. Calculate monthly income.**  Add line 7 + line 9.

Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

10.  $ **3,851.88** + $ **22,444.00** = $ **26,295.88**

**11. State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify:

11.  +$ **0.00**

**12. Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies

12.  $ **26,295.88**

**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**

☐   No.

■   Yes. Explain:    **Debor started per diem work in July, 2020**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Hiteshri Patel** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number (If known) | **20-17880** |

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

**1.  Is this a joint case?**

☑ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**

  ☐ No
  ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

**2.  Do you have dependents?**   ☐ No

Do not list Debtor 1 and Debtor 2.   ☑ Yes.   Fill out this information for each dependent..............

Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Son** | **21** | ☐ No  ☑ Yes |
| **Mother-In-Law** | **88** | ☐ No  ☑ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

**3.  Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|

**4.  The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

4.  $      **6,337.10**

**If not included in line 4:**

| 4a. | Real estate taxes | 4a. $ | **0.00** |
|---|---|---|---|
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | **208.00** |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | **500.00** |
| 4d. | Homeowner's association or condominium dues | 4d. $ | **0.00** |
| **5.** | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | **2,914.23** |

| Debtor 1 | **Hiteshri Patel** | Case number (if known) | **20-17880** |

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | **400.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **115.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **180.00** |
| | 6d. | Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **800.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **100.00** |
| 10. | **Personal care products and services** | | 10. $ | **100.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **100.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. | | | |
| | Do not include car payments. | | 12. $ | **350.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **300.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **250.00** |
| 15. | **Insurance.** | | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **2,835.00** |
| | 15b. | Health insurance | 15b. $ | **1,906.02** |
| | 15c. | Vehicle insurance | 15c. $ | **585.21** |
| | 15d. | Other insurance. Specify: **Jersey City Rental Insurance** | 15d. $ | **144.75** |
| | | **Anaheim Insuance** | $ | **69.50** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | | |
| | Specify: | | 16. $ | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **0.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. | Other. Specify: | 17c. $ | **0.00** |
| | 17d. | Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** | | $ | **0.00** |
| | Specify: | | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | **0.00** |
| | 20b. | Real estate taxes | 20b. $ | **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify: **Education for Employment** | | 21. +$ | **30.00** |
| | **SBA Repayment** | | +$ | **5,000.00** |
| | **Exterminator** | | +$ | **65.00** |
| | **Property Taxes Jersey City Rental** | | +$ | **507.00** |
| | **Utilities/water for Jersey City** | | +$ | **162.00** |
| | **Security System** | | +$ | **30.00** |
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | **23,988.81** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | **23,988.81** |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | | 23a. $ | **26,295.88** |
| | 23b. Copy your monthly expenses from line 22c above. | | 23b. -$ | **23,988.81** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | | 23c. $ | **2,307.07** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.    Explain here:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Hiteshri Patel** |
| | First Name _____ Middle Name _____ Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name _____ Middle Name _____ Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number | **20-17880** |
| (if known) | |

■ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| X **/s/ Hiteshri Patel** | X |
|---|---|
| **Hiteshri Patel** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| Date **November 20, 2020** | Date |

Official Form 106Dec            Declaration About an Individual Debtor's Schedules

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

# Exhibit

## "H"

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Hiteshri Patel** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number | **20-17880** |
| (if known) | |

■ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

|  | | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B.................................................. | $   1,130,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B........................................... | $   290,511.19 |
| | 1c. Copy line 63, Total of all property on Schedule A/B.................................................. | $   1,420,511.19 |

### Part 2:    Summarize Your Liabilities

|  | | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D...* | $   1,331,776.74 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.............................. | $   0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*.......................... | $   9,103,825.53 |
| | **Your total liabilities** | $   10,435,602.27 |

### Part 3:    Summarize Your Income and Expenses

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*................................................. | $   26,295.88 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*.......................................... | $   23,988.81 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ■ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

| Official Form 106Sum | Summary of Your Assets and Liabilities and Certain Statistical Information | page 1 of 2 |
|---|---|---|

Debtor 1    **Hiteshri Patel**
Case number *(if known)*  **20-17880**

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
   122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

   $ _____

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ **0.00** |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ **0.00** |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ **0.00** |
| 9d. Student loans. (Copy line 6f.) | $ _____ **0.00** |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ **0.00** |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ **0.00** |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ **0.00** |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Hiteshri Patel** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number (If known) | **20-17880** |

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                     12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
|---|---|

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ☑ Employed<br>☐ Not employed | ☑ Employed<br>☐ Not employed |
| | Occupation | **Per Diem** | **Self Employed** |
| | Employer's name | **University Radiology Group** | |
| | Employer's address | **579A CRANBURY ROAD**<br>**East Brunswick, NJ 08816** | |
| | How long employed there? | **4 months** | |

| Part 2: | Give Details About Monthly Income |
|---|---|

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ | **4,600.55** | $ **0.00** |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ | **0.00** | +$ **0.00** |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ | **4,600.55** | $ **0.00** |

Debtor 1 **Hiteshri Patel**                                    Case number (*if known*) **20-17880**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| **Copy line 4 here** | | 4. | $ **4,600.55** | $ **0.00** |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ **748.67** | $ **0.00** |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **0.00** |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ **0.00** | $ **0.00** |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **0.00** |
| 5e. | **Insurance** | 5e. | $ **0.00** | $ **0.00** |
| 5f. | **Domestic support obligations** | 5f. | $ **0.00** | $ **0.00** |
| 5g. | **Union dues** | 5g. | $ **0.00** | $ **0.00** |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ | $ **0.00** + | $ **0.00** |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.   $ **748.67**   $ **0.00**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.   $ **3,851.88**   $ **0.00**

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.   $ **0.00**   $ **18,444.00**

8b. **Interest and dividends**    8b.   $ **0.00**   $ **0.00**

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.   $ **0.00**   $ **0.00**

8d. **Unemployment compensation**    8d.   $ **0.00**   $ **0.00**

8e. **Social Security**    8e.   $ **0.00**   $ **0.00**

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____    8f.   $ **0.00**   $ **0.00**

8g. **Pension or retirement income**    8g.   $ **0.00**   $ **0.00**

8h. **Other monthly income.** Specify: **Rental income for Jersey City and CA properties**    8h.+   $ **0.00** +   $ **4,000.00**

9. **Add all other income.** Add lines 8a+8c+8d+8e+8f+8g+8h.    9.   $ **0.00**   $ **22,444.00**

10. **Calculate monthly income.** Add line 7 + line 9.    10.   $ **3,851.88** + $ **22,444.00** = $ **26,295.88**
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____    11. +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12.   $ **26,295.88**
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
■ Yes. Explain: **Debor started per diem work in July, 2020**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Hiteshri Patel** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number (If known) | **20-17880** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

## Schedule J: Your Expenses                                                                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

**1.   Is this a joint case?**

■ No. Go to line 2.

☐ Yes. **Does Debtor 2 live in a separate household?**

☐ No

☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

**2.   Do you have dependents?**   ☐ No

Do not list Debtor 1 and Debtor 2.

■ Yes.   Fill out this information for each dependent..............

Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Son** | **21** | ☐ No  ■ Yes |
| **Mother-In-Law** | **88** | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

**3.   Do your expenses include expenses of people other than yourself and your dependents?**

■ No
☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | Your expenses |
|---|---|

| | | |
|---|---|---|
| **4.   The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4.  $ | **6,337.10** |
| **If not included in line 4:** | | |
| 4a.   Real estate taxes | 4a.  $ | **0.00** |
| 4b.   Property, homeowner's, or renter's insurance | 4b.  $ | **208.00** |
| 4c.   Home maintenance, repair, and upkeep expenses | 4c.  $ | **500.00** |
| 4d.   Homeowner's association or condominium dues | 4d.  $ | **0.00** |
| **5.   Additional mortgage payments for your residence,** such as home equity loans | 5.  $ | **2,914.23** |

Debtor 1  **Hiteshri Patel** _____   Case number (if known)  **20-17880**

| | | | |
|---|---|---|---|
| **6.** | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | **400.00** |
| | 6b. Water, sewer, garbage collection | 6b. $ | **115.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **180.00** |
| | 6d. Other. Specify: | 6d. $ | **0.00** |
| **7.** | **Food and housekeeping supplies** | 7. $ | **800.00** |
| **8.** | **Childcare and children's education costs** | 8. $ | **0.00** |
| **9.** | **Clothing, laundry, and dry cleaning** | 9. $ | **100.00** |
| **10.** | **Personal care products and services** | 10. $ | **100.00** |
| **11.** | **Medical and dental expenses** | 11. $ | **100.00** |
| **12.** | **Transportation.** Include gas, maintenance, bus or train fare. | | |
| | Do not include car payments. | 12. $ | **350.00** |
| **13.** | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | **300.00** |
| **14.** | **Charitable contributions and religious donations** | 14. $ | **250.00** |
| **15.** | **Insurance.** | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | **2,835.00** |
| | 15b. Health insurance | 15b. $ | **1,906.02** |
| | 15c. Vehicle insurance | 15c. $ | **585.21** |
| | 15d. Other insurance. Specify: **Jersey City Rental Insurance** | 15d. $ | **144.75** |
| | **Anaheim Insuance** | $ | **69.50** |
| **16.** | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | |
| | Specify: | 16. $ | **0.00** |
| **17.** | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | **0.00** |
| | 17b. Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. Other. Specify: | 17c. $ | **0.00** |
| | 17d. Other. Specify: | 17d. $ | **0.00** |
| **18.** | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | **0.00** |
| **19.** | **Other payments you make to support others who do not live with you.** | $ | **0.00** |
| | Specify: | 19. | |
| **20.** | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a. Mortgages on other property | 20a. $ | **0.00** |
| | 20b. Real estate taxes | 20b. $ | **0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. $ | **0.00** |
| **21.** | **Other:** Specify: **Education for Employment** | 21. +$ | **30.00** |
| | **SBA Repayment** | +$ | **5,000.00** |
| | **Exterminator** | +$ | **65.00** |
| | **Property Taxes Jersey City Rental** | +$ | **507.00** |
| | **Utilities/water for Jersey City** | +$ | **162.00** |
| | **Security System** | +$ | **30.00** |
| **22.** | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | **23,988.81** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | **23,988.81** |
| **23.** | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 (*your combined monthly income*) from Schedule I. | 23a. $ | **26,295.88** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | **23,988.81** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | **2,307.07** |

**24. Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.  | Explain here: |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Hiteshri Patel** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number | **20-17880** |
| (if known) | |

■ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

**If two married people are filing together, both are equally responsible for supplying correct information.**

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| | | | |
|---|---|---|---|
| X | **/s/ Hiteshri Patel** | X | |
| | **Hiteshri Patel** | | Signature of Debtor 2 |
| | Signature of Debtor 1 | | |
| Date | **November 20, 2020** | Date | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy