**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
(973) 218-6877
(973) 218-6878 (fax)
Melinda D. Middlebrooks, Esq.
*middlebrooks@middlebrooksshapiro.com*
Attorneys for Chapter 11 Debtor and Debtor-
In-Possession/Plaintiff, Hiteshri Patel

| | |
|---|---|
| In re:<br><br>**HITESHRI PATEL**,<br><br>Chapter 11 Debtor and Debtor-in-Possession. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Chapter 11<br><br>Case No. 20-17880(KCF) |
| **HITESHRI PATEL,**<br><br>Plaintiff,<br><br>v.<br><br>**NFS LEASING, INC.**,<br><br>Defendant. | Hon. Kathryn C. Ferguson<br><br>Adv. Pro. No. |

**VERIFIED COMPLAINT TO EXPUNGE AMENDED CLAIM NO. 4
FILED ON SEPTMEBER 14, 2020 BY DEFENDANT NFS LEASING, INC.
PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND
D.N.J. LBR 3007-1; AND FOR RELATED RELIEF**

Plaintiff, Hiteshri Patel, by and through her counsel Middlebrooks Shapiro, P.C., by way of Verified Complaint against defendant NFS Leasing, Inc. for judgment expunging Amended Claim No. 4 ("the Claim") filed by defendant pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and D.N.J. LBR 3007-1; and for related relief, allege as follows based on her personal knowledge and upon information and belief as to the acts of others:

1

## PARTIES

1. Plaintiff is the above-captioned Chapter 11 Debtor and Debtor-in-Possession ("Plaintiff") pursuant to a voluntary petition for relief under chapter 11 (the "Petition") of title 11 of the United States Code (the "Bankruptcy Code"), filed with this Court on June 25, 2020 (the "Petition Date"), commencing the underlying Chapter 11 case *In re: Hiteshri Patel,* (the "Bankruptcy Case") bearing Case No. 20-17880-KCF.

2. Defendant NFS Leading, Inc. ("Defendant") is, upon information and belief, a Massachusetts corporation with a principal place of business at 900 Cummings Center, Suite 226−U, Beverly, MA 01915.

## JURISDICTION AND VENUE

1. This is an adversary proceeding brought by Plaintiff pursuant to Federal Rules of Bankruptcy Procedure 7001(1), (2), (7), and (9) and includes, but is not limited to, sections 105(a) of title 11 of the Bankruptcy Code, as well as 28 U.S.C. § 2201(a).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(a)-(b), and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title* 11of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.).

3. This is a core proceeding as defined in 28 U.S.C. § 157 and including, but not limited to, 28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (O).

4. Venue is proper with this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2

## FACTUAL ALLEGATIONS

5. On or about July 30, 2018, NFS, as lessor, entered into a Master Equipment Lease with Garden State Diagnostic Imaging LLC[1] ("GSDI"), as lessee (the "Master Lease").

6. Defendant asserts that on or about August 2, 2018, Plaintiff executed a Personal Guaranty and Security Agreement ("Guaranty") of GSDI's Master Lease.

7. On September 3, 2020, Defendant filed its original Proof of Claim 4 ("First Claim") with this Court in the Bankruptcy Case. *See*, Claims Register at 4-1.

8. On September 14, 2020, Defendant filed an amended Proof of Claim 4 ("Amended Claim") with this Court in the Bankruptcy Case. A true and correct copy of the Amended Claim is annexed hereto as Exhibit A.

9. Defendant's Amended Claim is based upon Defendant's assertion that Plaintiff guaranteed GSDI's business debt.

10. Plaintiff's former partner in GSDI, Dr. Faisal Shah ("Shah"), caused a Chapter 7 voluntary bankruptcy to be filed with this Bankruptcy Court on June 1, 2020 captioned *In re: Faisal Shah* bearing Case No. 20-17153-JKS.

11. On November 22, 2020, NFS caused an adversary complaint to be filed against Shah seeking non-dischargeability. *See*, *NFS Leasing, Inc. v. Shah*, Adversary No. 20-01603-JKS (the "Shah Adversary Matter").

12. No order confirming Plaintiff's plan of reorganization has yet been entered in the Bankruptcy Case and, as such, the relief sought herein is timely.

---

[1] Garden State Diagnostic Imaging LLC was a partnership in which Plaintiff owned a 33.3334% interest.

## COUNT I
## Claim Disallowance -- 11 U.S.C. § 502(a)

13. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

14. Bankruptcy Rule 3007 provides in pertinent part that "[a]n objection to the allowance of a claim shall be in writing and filed." Fed. R. Bankr. P. 3007(a).

15. Pursuant to Bankruptcy Code Section 502, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a).

16. Section 502 further states that "[i]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition." 11 U.S.C. § 502(b).

17. Local Bankruptcy Rule 3007-1 states that "[a]n objection to the allowance of a claim must be brought by motion or adversary proceeding." D.N.J. LBR 3007-1(a). The Local Rule also states that such an objection must be filed by the later of "60 days after the entry of the order confirming plan," or "60 days after the claim is filed or amended." D.N.J. LBR 3007-1(b)(1), (2).

18. Plaintiff's objection to the Claim is timely as no order confirming plan has yet been entered in the Bankruptcy Case.

19. Defendant alleges in its Amended Claim that its claim is secured.

| 7. How much is the claim? | $ 2401373.81 | Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|
| 8. What is the basis of the claim? |  | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br>True Equipment Lease Secured by All Assets of the Debtor |
| 9. Is all or part of the claim secured? |  | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☑ Other. Describe:  All Assets of the Debtor<br><br>**Basis for perfection:**  UCC1<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**  $ 2401373.81<br>**Amount of the claim that is secured:**  $ 2401373.81<br>**Amount of the claim that is unsecured:**  $ 0.00  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**  $ 493069.65<br><br>**Annual Interest Rate** (when case was filed)  14 %<br>☑ Fixed<br>☐ Variable |

*See*, Amended Claim 4.

    20.    Defendant does not hold a valid and perfected security interest against Plaintiff's property.

    21.    Defendant's UCC fails to satisfy the statutory requirements of *NJ Rev Stat* § 12A:9-108 (2013) which requires (i) a security agreement signed by both the Debtor and NFS which includes a description of collateral that meets the requirements of *N.J.S.A.* § 12A:9-108

5

(sufficiency of description), and (ii) the filing of a financing statement that meets the requirements of *N.J.S.A.* § 12A:9-502(a) (sufficiency of financing statement).

22. This Court has the power to allow or disallow claims, and to inquire into the validity of any alleged debtor obligation upon which a claim against the estate is based, such as the Claim.

23. Plaintiff demands entry of judgment disallowing the Claim.

**WHEREFORE**, Plaintiff hereby demands judgment:

(a) Sustaining Plaintiff's objection to the Claim;

(b) Entering Judgment expunging the Claim in its entirety; and

(c) Granting Plaintiff such further relief as is just property and equitable.

## COUNT II
### Claim Disallowance – 11 U.S.C. § 502(e)

24. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

25. Section 502(e) of the Bankruptcy Code states, in pertinent part, that "the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on ... the claim of a creditor, to the extent that— ... (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution ....". 11 U.S.C. § 502(e)(1)(B).

26. The Claim is contingent as it is the identical claim Defendant filed against Shah.

27. The Claim is contingent as it is the identical claim which is the subject of the Shah Adversary Matter.

28. The Claim is contingent as Plaintiff's liability has not been established by any court of competent jurisdiction.

29. The Claim will remain contingent until any liability is established.

6

30. Accordingly, under Section 502(e)(1)(B) of the Bankruptcy Code, this Court shall disallow the Claim.

**WHEREFORE**, Plaintiff hereby demands judgment:

(a) Sustaining Plaintiff's objection to the Claim;

(b) Entering judgment expunging the Claim in its entirety; and

(c) Granting Plaintiff such further relief as is just property and equitable.

### COUNT III
### Claim Estimation – 11 U.S.C. § 502(c)

31. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

32. The Claim is contingent.

33. Plaintiff's deny any liability on the contingent Claim and seek its expungement as set forth above.

34. However, should this Court not expunge the Claim in its entirety, Plaintiff seeks an estimation of the Claim and a fixing and liquidation of the amount of the Claim after this Court's review and consideration of all discovery relevant to the subject matter of the Claim.

35. Section 502(c) permits this Court to estimate "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case". 11 U.S.C. § 502(c)(1).

36. Delay in fixing the proper amount of the Claim, if any, continues to unduly burden and delay Plaintiff in her Chapter 11 reorganization.

**WHEREFORE**, Plaintiff hereby demands judgment:

(a) Fixing and liquidation Claim for the purposes of plan confirmation; and

(b) Granting Plaintiff such further relief as is just property and equitable.

7

## RESERVATION OF RIGHTS

Plaintiff reserves the right, to the extent permitted under the Bankruptcy Code, the Bankruptcy Rules, the Federal Rules, the Local Bankruptcy Rules, and New Jersey State law, and/or by agreement, to assert additional claims, causes of action, and/or prayers for relief against any party or third party relating to the subject matter of this action or otherwise.

    Respectfully submitted,

    **MIDDLEBROOKS SHAPIRO, P.C.**
    841 Mountain Avenue, First Floor
    Springfield, New Jersey  07081
    (973) 218-6877
    (973) 218-6878 (fax)
    Attorneys for Plaintiff Hiteshri Patel

    By: Melinda D. Middlebrooks, Esq.

Dated:  02 / 20 / 2021

## VERIFICATION

**HITESHRI PATEL**, of legal age, hereby declares as follows:

1. I am the Chapter 11 Debtor, Debtor-in-Possession and Plaintiff in the above-captioned matter.

2. The allegations contained in this Verified Complaint are true to the best of my knowledge, information, and belief.

3. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

*Hiteshri Patel*
_____
**HITESHRI PATEL**

Dated:   02 / 20 / 2021

# Exhibit

## "A"

**Fill in this information to identify the case:**

Debtor 1    Hiteshri Patel
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court    **District of New Jersey**
Case number:   **20–17880**

**FILED**
**U.S. Bankruptcy Court**
**District of New Jersey**
9/14/2020

**Jeanne Naughton, Clerk**

# Official Form 410
# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
NFS Leasing, Inc.
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
NFS Leasing, Inc.
Name
900 Cummings Center, Suite 226–U
Beverly, MA 01915

Contact phone    9783384243
Contact email    danac@nfsleasing.com

Where should payments to the creditor be sent? (if different)
Name
Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**
☐ No
☒ Yes. Claim number on court claims registry (if known)    4    Filed on   09/03/2020
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing?

Official Form 410          Proof of Claim          page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|

| 7. **How much is the claim?** | $ 2401373.81 | **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>True Equipment Lease Secured by All Assets of the Debtor |
|---|---|

| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☑ Other. Describe: All Assets of the Debtor<br><br>**Basis for perfection:** UCC1<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ 2401373.81<br>**Amount of the claim that is secured:** $ 2401373.81<br>**Amount of the claim that is unsecured:** $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ 493069.65<br><br>**Annual Interest Rate** (when case was filed) 14 %<br>☑ Fixed<br>☐ Variable |
|---|---|

| 10. **Is this claim based on a lease?** | ☐ No<br>☑ Yes. **Amount necessary to cure any default as of the date of the petition.** | $ 493069.65 |
|---|---|---|

| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |
|---|---|

Official Form 410     Proof of Claim     page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9/14/2020
MM / DD / YYYY

/s/  DANA R CALUMBY

Signature

Print the name of the person who is completing and signing this claim:

Name: DANA R CALUMBY
First name   Middle name   Last name

Title: CALUMBY

Company: NFS LEASING, INC.
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 7 Cushing Drive
Number   Street
Wilmington, MA 01887–0188
City   State   ZIP Code

Contact phone   978–338–4243   Email   danac@nfsleasing.com

Official Form 410                                Proof of Claim                                    page 3

6/25/2020 *Date Bankruptcy was filed for Hiteshri Patel
10/21/2019 *Date Bankruptcy was filed for Garden State Imaging                                                                                                                                **5.00%**
20-17880-KCF Case Number (Chapter 11)

| Schedule | Type of Lease | MLA and Schedule # | Contract Value (USD) | Lease start date | Original term in months | Remaining payments as of | Security Deposit/Last month | Monthly payment | Aggregate Monthly Payments Remaining | 5% PV Discount on July 2020 Forward |
|---|---|---|---|---|---|---|---|---|---|---|
| Garden State Diagnostic Imaging LLC 1 | FMV | 2018-259-01 | 364,924.06 | 08/01/18 | 72 | 49 | 24,935.73 | 8,311.91 | 407,283.59 | (53,163.93) |
|  |  |  |  |  |  |  | 3 Months at | - |  |  |
|  |  |  |  |  |  |  | 3 Months at | 1,848.75 |  |  |
|  |  |  |  |  |  |  | 66 Months at | 8,311.91 |  |  |
| Garden State Diagnostic Imaging LLC 2 | FMV | 2018-259-02 | 1,415,388.23 | 09/01/18 | 72 | 50 | 96,715.35 | 32,238.45 | 1,611,922.50 | (212,033.71) |
|  |  |  |  |  |  |  | 3 Months at | - |  |  |
|  |  |  |  |  |  |  | 3 Months at | 7,170.53 |  |  |
|  |  |  |  |  |  |  | 66 Months at | 32,238.45 |  |  |
| Garden State Diagnostic Imaging LLC 3 | FMV | 2018-259-03 | 193,583.45 | 09/01/18 | 72 | 50 | 13,227.81 | 4,409.27 | 220,463.50 | (28,999.96) |
|  |  |  |  |  |  |  | 3 Months at | - |  |  |
|  |  |  |  |  |  |  | 3 Months at | 980.72 |  |  |
|  |  |  |  |  |  |  | 66 Months at | 4,409.27 |  |  |
| Garden State Diagnostic Imaging LLC 4 | FMV | 2018-259-04 | 99,950.00 | 09/01/18 | 72 | 50 | 6,830.97 | 2,276.99 | 113,849.50 | (14,975.86) |
|  |  |  |  |  |  |  | 3 Months at | - |  |  |
|  |  |  |  |  |  |  | 3 Months at | 500.00 |  |  |
|  |  |  |  |  |  |  | 66 Months at | 2,276.99 |  |  |
| TOTALS |  |  | 2,073,845.74 |  |  |  | 141,709.86 | 47,236.62 | 2,353,519.09 | (309,173.47) |

| Type | Num | Date | Amount | Memo | Interest | Total |
|---|---|---|---|---|---|---|
| Invoice | 82651 | 09/01/2019 | 47,236.62 | Sch 1-4 NJ Upfront | 7,038.26 | 54,274.88 |
| Invoice | 83451 | 10/01/2019 | 47,236.62 | Sch 1-4 NJ Upfront | 6,329.71 | 53,566.33 |
| Invoice | TBD | 11/01/2019 | 47,236.62 | Sch 1-4 NJ Upfront | 5,597.54 | 52,834.16 |
| Invoice | TBD | 12/01/2019 | 47,236.62 | Sch 1-4 NJ Upfront | 4,888.99 | 52,125.61 |
| Invoice | TBD | 01/01/2020 | 47,236.62 | Sch 1-4 NJ Upfront | 4,156.82 | 51,393.44 |
| Invoice | TBD | 02/01/2020 | 47,236.62 | Sch 1-4 NJ Upfront | 3,424.65 | 50,661.27 |
| Invoice | TBD | 03/01/2020 | 47,236.62 | Sch 1-4 NJ Upfront | 2,739.72 | 49,976.34 |
| Invoice | TBD | 04/01/2020 | 47,236.62 | Sch 1-4 NJ Upfront | 2,007.56 | 49,244.18 |
| Invoice | TBD | 05/01/2020 | 47,236.62 | Sch 1-4 NJ Upfront | 1,299.01 | 48,535.63 |
| Invoice | TBD | 06/01/2020 | 47,236.62 | Sch 1-4 NJ Upfront | 566.84 | 47,803.46 |
| Payment | 100119ach | 10/01/2019 | -11,809.16 | 100119ach | (118.09) | (11,927.25) |
| Total |  |  | 460,557.04 |  | 37,931.01 | 498,488.05 |

| | |
|---|---|
| Past Due Lease Payments | 460,557.04 |
| Interest and Late Fees thru 06/25/2020 | 37,931.01 |
| Administrative Collection Fee | 250.00 |
| Aggregate Payments Remaining Under the Lease | 2,353,519.09 |
| 5% Present Value Discount | (309,173.47) |
| Security Deposit on Schedules 1-4 | (141,709.86) |
| **Total Proof of Claim** | **2,401,373.81** |

# Signature Certificate

Document Ref.: PXZEK-39ZAZ-ALWXZ-VVKQU

Document signed by:



**Hiteshri Patel**

E-mail:
hiteshri325@gmail.com

Signed via link

IP: 69.112.190.81    Date: 20 Feb 2021 12:49:16 UTC





**Melinda Middlebrooks**

Verified E-mail:
team@middlebrooksshapiro.com

IP: 23.30.109.81    Date: 20 Feb 2021 14:30:41 UTC



Document completed by all parties on:
20 Feb 2021 14:30:41 UTC

Page 1 of 1



Signed with PandaDoc.com

PandaDoc is the document platform that boosts your company's revenue by accelerating the way it transacts.

