WOLLMUTH MAHER & DEUTSCH LLP
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice*)
500 Fifth Avenue, 12th Floor
New York, New York 10110
-and-
90 Washington Valley Boulevard
Bedminster, New Jersey 07921
Tel: (212) 382-3300
Fax: (212) 382-0050
Email: jlawlor@wmd-law.com
       jpacelli@wmd-law.com

*Counsel for NFS Leasing, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No.:  20-17880 (KCF) |
| HITESHRI PATEL, | Chapter 11 |
| Debtor. | **Hearing Date:  TBD**<br>**Oral Argument Requested** |

**NOTICE OF NFS LEASING, INC.'S MOTION FOR TEMPORARY
ALLOWANCE OF ITS CLAIM FOR VOTING PURPOSES PURSUANT TO
RULE 3018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**TO:    ANNEXED SERVICE LIST**

        **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of NFS

Leasing, Inc. ("NFS"), a creditor of the above-captioned debtor, by and through its counsel,

Wollmuth Maher & Deutsch LLP, for entry of an Order temporarily allowing NFS' claim for

voting purposes pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the

"Order"), will be held before the Kathryn C. Ferguson, United States Bankruptcy Judge, at the

United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher Federal

Building & U.S. Courthouse, 402 East State Street, Courtroom No. 2, Trenton, New Jersey

08608 (the "Bankruptcy Court") on the date set by the Bankruptcy Court pursuant to a proposed

Order Shortening Time ("OST") and Application therefor submitted simultaneously herewith

(the "Hearing").

      **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion, if

any, must be in writing, filed with the Bankruptcy Court and served on the undersigned in

accordance with any OST entered by the Court.

      **PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed, the

Bankruptcy Court may enter the Order on the Motion without the need for a hearing.

      **PLEASE FURTHER TAKE NOTICE** that NFS Leasing, Inc. submits that the subject

matter of the relief requested herein is not novel or complicated and requests a waiver of any

requirement to submit a memorandum of law.

      **PLEASE FURTHER TAKE NOTICE** that NFS Leasing, Inc. has submitted a

proposed form of Order with the Motion.

Dated:  March 15, 2020
        New York, New York

Respectfully submitted,

WOLLMUTH MAHER & DEUTSCH LLP

By: */s/ James N. Lawlor*
       James N. Lawlor
       Joseph F. Pacelli (*pro hac vice*)
500 Fifth Avenue, 12th Floor
New York, New York 10110
-and-
90 Washington Valley Road
Bedminster, NJ 07921
Tel: (212) 382-3300
Fax: (212) 382-0050
Email: jlawlor@wmd-law.com
      jfpacelli@wmd-law.com

*Counsel for NFS Leasing, Inc.*

WOLLMUTH MAHER & DEUTSCH LLP
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice*)
500 Fifth Avenue, 12th Floor
New York, New York 10110
-and-
90 Washington Valley Boulevard
Bedminster, New Jersey 07921
Tel: (212) 382-3300
Fax: (212) 382-0050
Email: jlawlor@wmd-law.com
        jpacelli@wmd-law.com

*Counsel for NFS Leasing, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No.:  20-17880 (KCF) |
| HITESHRI PATEL, | Chapter 11 |
| Debtor. | **Hearing Date:  TBD**<br>**Oral Argument Requested** |

**NFS LEASING, INC.'S MOTION FOR TEMPORARY ALLOWANCE**
**OF ITS CLAIM FOR VOTING PURPOSES PURSUANT TO RULE**
**3018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**TO:    THE HONORABLE KATHRYN C. FERGUSON**
**UNITED STATES BANKRUPTY JUDGE**

NFS Leasing, Inc. ("NFS"), by and through its attorneys, hereby submits this motion for

temporary allowance of its claim for voting purposes pursuant to Rule 3018 of the Federal Rules

of Bankruptcy Procedure, and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.    On January 28, 2021, the Debtor filed the Second Modified Individual Debtor's

Chapter 11 Combined Plan of Reorganization and Disclosure Statement [Dkt. No. 121] (the

"Plan") that proposes a paltry distribution on account of all claims, other than on account of her over-secured lender.  NFS has filed and asserted a claim for approximately $1.94 million against the Debtor on account of a Personal Guaranty and Security Agreement (the "Guaranty") that the Debtor executed in favor of NFS [Proof of Claim No. 4-1] (the "NFS Claim"), whereby the Debtor guaranteed an equipment lease related to her failed business.  The Guaranty also serves as a written security agreement, making the NFS Claim secured to the extent of the value of the personal property of the Debtor.  In conjunction with the Guaranty, NFS duly filed a UCC-1 that was in effect at the time the Debtor filed its petition.  The NFS Claim is *prima facie* evidence of the amount due from the Debtor and of the perfected security interest.

2.       In the nearly six (6) months since the bar date for filing claims, the Debtor has filed one objection to one claim – an objection to the NFS Claim in a separate adversary proceeding initiated by the Debtor just three (3) weeks ago (the "Adversary") [Adv. Proc. No. 21-01180-KCF, Dkt. No. 1].  The Debtor's proposed voting procedures preclude NFS from voting the value of the NFS Claim in any amount in any class unless the claim is provisionally allowed for voting purposes by order of the Court.

3.       NFS made a proposal to the Debtor to avoid unnecessary litigation over voting rights prior to approval of the disclosure statement.  As NFS believes a large portion of the NFS Claim is likely unsecured, NFS proposed that the parties stipulate to the amount of the NFS Claim solely for purposes of voting on the Plan.  All parties' rights would be reserved to argue the amount and validity of the NFS Claim in the Adversary.  NFS also proposed as an alternative that confirmation be adjourned given the dispute on voting, the proposed mediation by the Debtor, as well as outstanding contested-matter discovery propounded with respect to the Plan that the Debtor refuses to provide.

2

4.      As has been the course of conduct by this Debtor since the outset of the case, the

Debtor is unwilling to agree to the simplest of resolutions.  NFS's proposal was generous in light

of the facts disclosed in NFS's already-filed Objection to the Plan [Dkt No. 140] (the "NFS

Objection"), which shows that shortly prior to filing for bankruptcy, the Debtor disclosed

personal property assets far in excess of what she now asserts to hold, demonstrates that the

Debtor is retaining hundreds of thousands of dollars of value that should go to creditors and sets

forth the Plan's patent non-confirmability on multiple additional grounds.  Accordingly, NFS

files this Motion to secure the opportunity to participate in a fundamental right of creditors in

Chapter 11, voting on the Plan to the extent the Court proceeds to confirmation.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b), and venue is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409. The legal bases for the relief sought herein are sections

105(a) and 502(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

and Rule 3018 of the Bankruptcy Rules.

## BACKGROUND

6.      NFS is the second-largest non-insider creditor in these chapter 11 cases.  On

September 3, 2020, NFS filed the NFS Claim in the total amount of $1,941,690.65, reflecting

certain credits applied to the original amount outstanding.  Since that time, the NFS has further

mitigated the amount due.  Consequently, it is owed approximately $1.69 million as of the date

of the Motion.

7.      Prior to the Petition Date, the Debtor provided a personal financial statement

showing more than $150,000 in personal property to induce NFS to lend the funds which she

guaranteed.  *See* NFS Objection at ¶ 7.  A conservative analysis of that amount suggests that the

Debtor had at least $65,000 in personal property when she executed the Guaranty.  *See id*.

However, the Debtor only identified personal property of $3,850 on her schedules.  Regardless

of the accuracy of the Debtor's variously stated amounts, it appears that a large portion the NFS

Claim is unsecured, and it is entitled to participate as both a secured and unsecured creditor in

distributions to be made to all similarly situated creditors.

8.      Despite the foregoing, the Debtor filed the Adversary.  The Adversary challenges

the NFS Claim but contains no specific facts contesting the accuracy of the amounts claimed

due.  It also makes only generalized statements as to why the entire claim should be treated as

unsecured.  The Adversary appears little more than an effort to disenfranchise NFS at the

eleventh hour and reeks of bad faith.

9.      Sadly, the last-minute Adversary and the Debtor's refusal to discuss NFS's claim

is par for the course.  Since September 2020, NFS has repeatedly attempted to engage the Debtor

in a discussion over the treatment of the NFS Claim so as to avoid last minute challenges.  The

Debtor abjectly refused, erroneously claiming counsel was barred from discussions before the

filing of disclosure statement.  Now on the eve on confirmation, with its adversary proceeding

filed, the Debtor states it will only address the NFS Claim and its treatment in mediation in the

Adversary.  Of course, the mediation will not take place until after confirmation, which the

Debtor will not adjourn, so the Debtor continues her pattern of gamesmanship right to the end.

## **RELIEF REQUESTED**

10.     NFS requests entry of an order temporarily allowing the NFS Claim in bifurcated

form, with $65,000 being allowed as a secured claim and $1,624,263.27 being allowed as a

general unsecured claim in for Plan voting purposes only.

A.    **Temporary Allowance of the NFS Claim Is Warranted.**

11.    Pursuant to Bankruptcy Rule 3018(a), "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).  The policy behind temporarily allowing claims for voting purposes "is to prevent possible abuse by plan proponents" who attempt to ensure acceptance of a plan by gaming the system through objections to the claims of dissenting creditors. *In re Armstrong*, 292 B.R. 678, 686 (10th Cir. Bankr. 2003); *see also In re Harmony Holdings, LLC*, 395 B.R. 350, 353–54 (Bankr. D.S.C. 2008) ("[O]ne can easily visualize a situation where it would be grossly unfair and unjust to disenfranchise any claim or interest just because a debtor interposed an objection to the allowance of the claim or interest. . . .  To achieve justice, some discretion must be left to the court to deal with the problem just described.") (internal quotation marks and citation omitted).  In short, Bankruptcy Rule 3018(a) "was designed to give all creditors, even those holding disputed claims, the opportunity to vote[.]" *In re Century Glove, Inc.*, 88 B.R. 45, 46 (Bankr. D. Del. 1988).

12.    The decision to grant temporary allowance of a claim for voting purposes under Bankruptcy Rule 3018 is at the reasonable discretion of the bankruptcy court. *See Pension Ben. Guar. Corp. v. Enron Corp.*, No. 04 CIV. 5499 (HB), 2004 U.S. Dist. LEXIS 21810, at *16 (S.D.N.Y. Nov. 1, 2004).  There is, however, a presumption in favor of temporarily allowing a disputed claim for purposes of voting. *See In re Amarex Inc.*, 61 B.R. 301, 303 (Bankr. W.D. Okla. 1985) ("[T]o allow [the disputed claims] to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of chapter 11 which encourages creditor vote and participation in the reorganization process.").

B.      **The NFS Claim Should Be Temporarily Allowed**.

13.      The Bankruptcy Code and the Bankruptcy Rules provide little to no guidance as to how a court should calculate a claim for voting purposes.  *In re Quigley Co.*, 346 B.R. 647, 653 (Bankr. S.D.N.Y. 2006).  Although courts may "employ whatever method is best suited to the circumstances of the case," *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996), any calculation "should ensure that the voting power is commensurate with the creditor's economic interests in the case." *In re Quigley*, 346 B.R. at 654.  To calculate the amount of a claim to be temporarily allowed, courts have considered: (a) the debtor's scheduling of the claim, (b) the proof of claim filed, and (c) the debtor's objection. *Stone Hedge Props. v. Phoenix. Capital Corp. (In re Stone Hedge Props.)*, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995).  Calculation of a claim under Bankruptcy Rule 3018(a), however, is not binding on (i) the ultimate validity or amount of the claim or (ii) any causes of action before a non-bankruptcy court. *See In re Quigley*, 346 B.R at 654.

14.      At this juncture, NFS is not seeking final allowance of the NFS Claim or a full adjudication of the secured versus unsecured portion of the NFS Claim.  Rather, NFS seeks temporary allowance of the NFS Claim for voting purposes only in amounts that reflect the Debtor's minimum obligations to NFS.

15.      NFS properly executed and filed the NFS Claim.  The NFS Claim is prima facie evidence of the validity and amount of the amount due under the Guaranty. *See* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.").  Nonetheless, since the claim was filed, NFS collected additional amounts it is willing to credit in their entirety to the outstanding claim balance.

16.     Furthermore, the NFS Claim was calculated in accordance with accepted principles of Massachusetts law governing the Guaranty.  "The liability of a guarantor is to be ascertained by which the obligation is expressed, construed according to the usual rules of interpretation."  *Agricultural Nat'l Bank v. Brennan*, 3 N.E. 769, 771 (1936).  The Guaranty provides that the Debtor

> unconditionally, absolutely, and irrevocably guarantees to NFS the full and punctual payment and performance of all present and future obligations, liabilities, covenants and agreements (collectively, "Obligations") required to be observed and performed or paid or reimbursed by Lessee under or relating to the aforementioned Master Equipment Lease and each and every current or future equipment schedule thereto. and all amendments, modifications, supplements, substitutions, additions, renewals, replacements and extensions thereof (collectively "Master Lease"), including but not specifically limited to, all interim and monthly rent charges, late fees, expenses incurred by NFS to cure any default by Lessee, costs, expenses and attorneys' fees, liquidated damages and other amounts or damages which may be due or awarded to NFS upon the default of Lessee, plus all costs, expenses and fees (including the reasonable fees and expenses of NFS's counsel) in any way relating to the enforcement or protection of NFS's rights hereunder.

NFS Claim at 83.  The Guaranty further provides that the Debtor

> agrees that in the event Lessee fails to pay any amount due NFS within five (5) days after the date such payment is due, and/or in the event any other amount is due hereunder; Guarantor will pay any such amounts in full to NFS within five (5) days of the date Guarantor receives a written notice of payment due from NFS.

*Id*.

17.     It is undisputed that the Debtor's business defaulted and owes the amount due.  NFS has calculated the damages in accordance with the lease document attached to the NFS Claim and applied all credits it has received to date.  The methodology more than adequately establishes the underlying debt owed to NFS.  The Guaranty is one of full payment for any unpaid balance.  Accordingly, NFS respectfully requests the Court temporarily allow the NFS

Claim in full for voting purposes, with a secured portion of $65,000 and an unsecured portion of $1,624,263.27, in order to prevent the Debtor from silencing the voice of one of its largest impaired creditors.

## **RESERVATION OF RIGHTS**

18.     NFS reserves the right to amend, modify, or supplement this Motion.  NFS further reserves the right to respond to any objections to this Motion and to assert other arguments in connection with any adjudication of or related to the NFS Claim.

## **WAIVER OF BRIEF**

19.     NFS submits that the Motion does not present any novel issues of law requiring the citation to any authority other than cited above and submit that no brief is necessary.

## <u>CONCLUSION</u>

**WHEREFORE**, NFS respectfully requests that the Court enter an Order, substantially in the form submitted herewith, temporarily allowing the NFS Claim in an amount of $65,000 as a secured claim and $1,624,263.27 as a general unsecured claim for purposes of voting on the acceptance and rejection of the Plan, and grant such further relief as the Court deems just and necessary.

Dated:  March 15, 2020
        New York, New York

                        Respectfully submitted,

                        WOLLMUTH MAHER & DEUTSCH LLP

                        By: */s/ James N. Lawlor*
                                  James N. Lawlor
                                  Joseph F. Pacelli (*pro hac vice*)

                        500 Fifth Avenue, 12th Floor
                        New York, New York 10110
                        -and-
                        90 Washington Valley Road
                        Bedminster, NJ 07921
                        Tel: (212) 382-3300
                        Fax: (212) 382-0050
                        Email: jlawlor@wmd-law.com
                                 jfpacelli@wmd-law.com

                        *Counsel for NFS Leasing, Inc.*

WOLLMUTH MAHER & DEUTSCH LLP
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice*)
500 Fifth Avenue, 12th Floor
New York, New York 10110
-and-
90 Washington Valley Boulevard
Bedminster, New Jersey 07921
Tel: (212) 382-3300
Fax: (212) 382-0050
Email: jlawlor@wmd-law.com
        jpacelli@wmd-law.com

*Counsel for NFS Leasing, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No.:  20-17880 (KCF) |
| HITESHRI PATEL, | Chapter 11 |
| Debtor. | |

**STATEMENT THAT SUBMISSION OF A MEMORANDUM OF LAW IS NOT
NECESSARY FOR NFS LEASING, INC.'S MOTION FOR TEMPORARY
ALLOWANCE OF ITS CLAIM FOR VOTING PURPOSES PURSUANT TO
RULE 3018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

NFS Leasing, Inc. ("NFS"), a creditor of the above-captioned debtor, by and through its

counsel, Wollmuth Maher & Deutsch LLP, in connection with NFS' Motion for temporary

allowance of its claim for voting purposes pursuant to Rule 3018 of the Federal Rules of

Bankruptcy Procedure (the "Motion"), annexed hereto, submits that the subject matter of the

Motion does not present any novel issues of law requiring the citation to any authority, other than

those authorities cited in the Motion, and submits that no brief is necessary.

Dated:  March 15, 2020
        New York, New York

Respectfully submitted,

WOLLMUTH MAHER & DEUTSCH LLP

By: */s/ James N. Lawlor*
        James N. Lawlor
        Joseph F. Pacelli (*pro hac vice*)
500 Fifth Avenue, 12th Floor
New York, New York 10110
-and-
90 Washington Valley Road
Bedminster, NJ 07921
Tel: (212) 382-3300
Fax: (212) 382-0050
Email: jlawlor@wmd-law.com
        jfpacelli@wmd-law.com

*Counsel for NFS Leasing, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J LBR 9004-1(b)**

WOLLMUTH MAHER & DEUTSCH LLP
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq.
500 Fifth Avenue, 12th Floor
New York, New York 10110
-and-
90 Washington Valley Boulevard
Bedminster, New Jersey 07921
Tel: (212) 382-3300
Fax: (212) 382-0050
*Counsel for NFS Leasing, Inc.*

| | |
|---|---|
| In re: | Case No.: 20-17880 (KCF) |
| HITESHRI PATEL, | Judge:    Kathryn C. Ferguson |
| Debtor. | Chapter 11 |

### ORDER GRANTING NFS LEASING, INC.'S MOTION FOR TEMPORARY ALLOWANCE OF ITS CLAIM FOR VOTING PURPOSES PURSUANT TO RULE 3018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

Page (2)
Debtor: Hiteshri Patel
Case No.: 20-17880 (KCF)
Caption of Order:    ORDER GRANTING NFS LEASING, INC.'S MOTION FOR TEMPORARY
ALLOWANCE OF ITS CLAIM FOR VOTING PURPOSES PURSUANT TO RULE 3018 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the Motion (the "<u>Motion</u>") of NFS Leasing, Inc. ("<u>NFS</u>"), pursuant to Rule 3018 of

the Federal Rules of Bankruptcy Procedure, for order granting NFS Leasing, Inc.'s motion for

temporary allowance of its claim for voting purposes; and it appearing that the relief requested is

in the best interests of the Debtor, its estate, and creditors; and that adequate notice of the Motion

has been given and that no further notice is necessary; and after due deliberation and good and

sufficient cause appearing therefore, it is hereby

**ORDERED that:**

1.      The Motion is granted.

2.      The NFS Claim is temporarily allowed as a secured claim for $65,000 and a

general unsecured claim for $1,624,263.27 for voting purposes only pursuant to Rule 3018 of

the Federal Rules of Bankruptcy Procedure.

3.      NFS may submit its vote at any time at or prior to the confirmation hearing.

4.      This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

5.      The movant shall serve a copy of this Order on the United States Trustee, the

Debtor and her counsel within seven (7) days of entry.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

WOLLMUTH MAHER & DEUTSCH LLP
James N. Lawlor
90 Washington Valley Boulevard
Bedminster, New Jersey 07921
Tel: (212) 382-3300
Fax: (212) 382-0050
Email: jlawlor@wmd-law.com
Counsel for NFS Leasing, Inc.

In Re:

HITESHRI PATEL,
                                            Debtor.

Case No.:        20-17880 (KCF)

Chapter:              11

Adv. No.:

Hearing Date:

Judge:         Kathryn C. Ferguson

## CERTIFICATION OF SERVICE

1.  I, _____ James N. Lawlor _____ :

    ☒ represent _____ NFS Leasing, Inc. _____ in this matter.

    ☐ am the secretary/paralegal for _____, who represents
    _____ in this matter.

    ☐ am the _____ in this case and am representing myself.

2.  On _____ March 15, 2021 _____, I sent a copy of the following pleadings and/or documents
    to the parties listed in the chart below.

    Notice of NFS Leasing, Inc.'s Motion for Temporary Allowance of Its Claim for Voting
    Purposes Pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure; Application
    for Order Shortening Time

3.  I certify under penalty of perjury that the above documents were sent using the mode of service
    indicated.

Date: _____ March 15, 2021 _____

_____ /s/ James N. Lawlor _____
Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Lauren Bielski, Esq.<br>U.S. Trustee's Office<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>lauren. bielskie@usdoj.gov | United States Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ECF & Email<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Melinda D. Middlebrooks<br>Joseph M. Shapiro<br>Middlebrooks Shapiro, P.C.<br>841 Mountain Ave First Floor Springfield, NJ 07081<br>middlebrooks@middlebrooksshapiro.com<br>jshapiro@middlebrooksshapiro.com | Debtor's Counsel | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ECF & Email<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Hiteshri Patel<br>223 Gordons Corner Road<br>Marlboro, NJ 07746 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Robert J. Davidow, Esq.<br>Phelan Hallinan Diamond and Jones, PC<br>1617 JFK Boulevard, Suite 1400<br>Philadelphia, PA 19103<br>Robert.Davidow@phelanhallinan.com | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ECF & Email<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Flagstar Bank<br>5151 Corporate Drive<br>Try, MI 48098-2639 | Secured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| M&T Bank<br>PO Box 62182<br>Baltimore, MD 21264-2182 | Secured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| US Small Business Administration<br>409 3rd St., SW<br>Washington, DC 20416 | Secured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| 5th and PCH - Retail<br>PO Box 840628<br>Los Angeles, CA 90084-0628 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Capref Strand LLC<br>8333 Douglas Avenue<br>Suite 975<br>Dallas, TX 75225 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Yogesh Patel<br>714 S Halliday St<br>Anaheim, CA 92804 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

*rev.8/1/16*

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Chase<br>Cardmember Services<br>P.O. Box 6294<br>Carol Stream, IL 60197-6294 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Citi<br>P.O. Box 9001037<br>Louisville, KY 40290 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Costco<br>Citcards<br>PO Box 790046<br>Saint Louis, MO 63179-0046 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Discover<br>P.O. Box 15251<br>Wilmington, DE 19886 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| DSC America, Inc.<br>c/o Kennedy Wilson Properties, Ltd<br>151 S. El Camino Drive<br>Beverly Hills, CA 90212 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| GE HFS, LLC<br>9900 Innovation Drive<br>RP - 2100<br>Milwaukee, WI 53226 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| HF Holdings, Inc.<br>PO Box 593080<br>Huntington Beach, CA 92648 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Konica Minolta<br>TIAA Commercial Finance, Inc.<br>10 Waterview Boulevard<br>Parsippany, NJ 07054 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Landmark Health/Brown Mills, LLC<br>c/o Post Polak, P.A.<br>Attn: David L. Epstein<br>425 Eagle Rock Avenue, Suite 200<br>Roseland, NJ 07068 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| RMS Franchise Group<br>2390 E. Orangewood Ave.<br>Suite 550<br>Anaheim, CA 92806 | Unsecured Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

*rev.8/1/16*

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| West Valley National Bank<br>Gary D. Bressler, Esq.<br>1300 Mount Kemble Avenue<br>PO Box 2075<br>Morristown, NJ 07962<br>gbressler@mdmc-law.com | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ECF & Email<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Waldman Tax & Financial Services<br>7861 Valley View Street<br>La Palma, CA 90623-1849 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| State Of New Jersey<br>Division of Taxation Bankruptcy Unit<br>PO Box 245<br>Trenton, NJ 08646-0245 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Matrix Financial Services Corp.<br>c/o KML Law Group<br>701 Market Street<br>Suite 5000<br>Philadelphia, PA 19106 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Kotulak & Company, PC<br>Attn: David Armstrong, CPA<br>1035 Route 46 East<br>Suite B-107<br>Clifton, NJ 07014-2430 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
| --- | --- | --- |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| U.S. Attorney<br>970 Broad St.<br>Room 502<br>Rodino Federal Bldg.<br>Newark, NJ 07102-2534 | Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

*rev.8/1/16*