| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**MIDDLEBROOKS SHAPIRO, P.C.**<br>841 Mountain Avenue, First Floor<br>Springfield, New Jersey 07081<br>(973) 218-6877<br>Angela N. Stein, Esq.<br>*Anstein@middlebrooksshapiro.com*<br>Attorneys for the Chapter 11 Debtor and<br>Debtor-in-Possession, Hiteshri Patel | *Order Filed on March 30, 2021*<br>*by Clerk*<br>*U.S. Bankruptcy Court*<br>*District of New Jersey* |
| In Re:<br><br>**HITESHRI PATEL,**<br><br>Chapter 11 Debtor and Debtor-in-Possession. | Case No.:   20-17880-KCF<br><br>Chapter:   11<br><br>Hearing Date: March 30, 2021 at 10:00 a.m.<br><br>Judge:   Kathryn C. Ferguson |

**ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 10535 NE PARK RIDGE WAY IN HILLSBORO, OREGON WITH LIENS TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. §§ 363(b), 363(f), 365 AND FED. R. BANKR. P. 4001(d), AND D.N.J. LBR 6004-1; AND FOR RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through three (3), are hereby **ORDERED**:

**DATED: March 30, 2021**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

In re: Hiteshri Patel
Case No.: 20-17880-KCF
Caption of Order: ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 10535 NE PARK RIDGE WAY IN HILLSBORO, OREGON WITH LIENS TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. §§ 363(b), 363(f), 365 AND FED. R. BANKR. P. 4001(d), AND D.N.J. LBR 6004-1; AND FOR RELATED RELIEF
Page 2

_____

1. The Motion for Order Authorizing Sale of Real Property Located at 10535 NE Park Ridge Way in Hillsboro, Oregon (the "Property") With Liens to Attach to Proceeds Pursuant to 11 U.S.C. §§ 363(b), 363(f), 365, Fed. R. Bankr. P. 4001(d), and D.N.J. LBR 6004-1; and For Related Relief (the "Motion") filed on behalf of Hiteshri Patel (the "Debtor") shall be and is hereby granted.

2. Sale of the Property to Benjamin Smith (the "Purchaser") as set forth pursuant to the Contract of Sale annexed to the Certification of Debtor as Exhibit B shall be and is hereby free and clear of all liens, claims, interests and encumbrances in accordance with, and to the extent permitted by 11. U.S.C. § 363(f).

3. The purchase price of four hundred and thirty-five thousand dollars ($435,000.00) to be paid by the Purchaser pursuant to the Contract of Sale is fair consideration and constitutes reasonably equivalent value for the Property.

4. The Purchaser is a purchaser in good faith, as that term is used in 11 U.S.C. §363(m) of the Bankruptcy Code, with respect to the sale. The sale was negotiated, proposed and entered into by the parties in good faith, from arms'-length bargaining positions and without collusion, and therefore, Purchaser is entitled to the protections of Bankruptcy Code 11 U.S.C. § 363(m) with respect to the sale. Neither the Debtor nor Purchaser has engaged in any conduct that would cause or permit the sale to be voided, nor that would justify the imposition of costs or damages, under Bankruptcy Code 11 U.S.C. § 363(n).

5. The transfer of the Property by Debtor to Purchaser upon closing will be a valid, legal, and effective transfer of the Property notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code).

6. Pursuant to 11 U.S.C. § 363(b), the Debtor is hereby authorized to sell and transfer the Property pursuant to and in accordance with the terms and conditions of the Contract of Sale between the Debtor and Purchaser and to take all other actions as are necessary to effectuate all of the terms thereof and to consummate the transactions contemplated therein, including, but not limited to, such actions as are necessary to execute and deliver all documents referenced in and/or contemplated in connection with the sale without any further authorization of the Court.

In re: <u>Hiteshri Patel</u>
Case No.: 20-17880-KCF
Caption of Order: ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 10535 NE PARK RIDGE WAY IN HILLSBORO, OREGON WITH LIENS TO ATTACH TO PROCEEDS PURSUANT TO <u>11 U.S.C. §§ 363(b)</u>, <u>363(f)</u>, <u>365</u> AND <u>FED. R. BANKR. P. 4001(d)</u>, AND D.N.J. LBR 6004-1; AND FOR RELATED RELIEF
Page 3

_____

7. The sale shall not subject Purchaser to any liability by reason of such transfers and assignments under the laws of the United States, any state, territory or possession thereof or the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of successor or transferee liability, and all creditors and parties-in-interest are prohibited from asserting such claims against Purchasers.

8. The sale constitutes legal, valid, and effective transfers and shall vest Purchaser with all right, title, and interest of the Debtors in and to the Property.

9. Any and all objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied.

10. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue of dispute concerning the transfer of the Property free and clear of Liens and Claims.

11. The provisions of this Order shall be self-executing, and neither the Debtor, Purchaser nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the sale.

12. The consideration to be provided by Purchaser in exchange for the Property is hereby deemed to constitute reasonably equivalent value and fair consideration.

13. West Valley National Bank shall receive the net proceeds of the sale, which shall not be less than $375,000.

14. Valid liens shall attach to proceeds of the sale.

15. The fourteen (14) day period under <u>Fed. R. Bankr. P. 6004(h)</u> is hereby waived.