MIDDLEBROOKS SHAPIRO, P.C.
841 Mountain Avenue, First Floor
Springfield, New Jersey  07081
(973) 218-6877
Melinda D. Middlebrooks, Esq.
*middlebrooks@middlebrooksshapiro.com*
Attorneys for Chapter 11 Debtor
and Debtor-in-Possession, Hiteshri Patel

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

**HITESHRI PATEL,**

    Chapter 11 Debtor and Debtor-in-Possession.

Honorable Kathryn C. Ferguson

Chapter 11

Case No.: 20-17880-KCF

Hearing Date:  April 6, 2021 at 10:00 a.m.

**OBJECTION ON BEHALF OF HITESHRI PATEL, CHAPTER 11 DEBTOR AND DEBTOR-IN-POSSESSION, TO MOTION BY NFS LEASING, INC. FOR TEMPORARY ALLOWANCE OF ITS CLAIM FOR VOTING PURPOSES PURSUANT TO FED. R. BANKR. P. 3018**

**HITESHRI PATEL**, the above-captioned Chapter 11 Debtor and Debtor-in-Possession (the "Debtor"), by and through her counsel, Middlebrooks Shapiro, P.C., submits this Objection (the "Objection") to NFS Leasing, Inc.'s Motion for Temporary Allowance of its Claim for Voting Purposes Pursuant to Fed. R. Bankr. P. 3018 ("NFS Motion for Temporary Allowance") and respectfully submits the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Debtor caused her Voluntary Chapter 11 Petition to be filed on June 25, 2020. *See*, Docket No. 1.

2. On July 17, 2020 and July 20, 2020, Debtor caused the balance of her Petition, Schedules, and Statements to be filed. *See,* Docket Nos. 23-27.

3.  Counsel for NFS Leasing, Inc. ("NFS") filed an application on July 17, 2020 to allow attorney Joseph F. Pacelli, Esq. ("Pacelli") to appear *pro hac vice* in this proceeding. *See*, Docket No. 22. The Order allowing Pacelli to appear *pro se* was entered on July 27, 2020. *See*, Docket No. 39.

4.  Also on July 17, 2020, James N. Lawlor, Esq. filed a Notice of Appearance on behalf of NFS. *See*, Docket No. 21.

5.  NFS requested, and Debtor consented to, an extension of time for NFS to object to Debtor's exemptions and file a non-dischargeability action through and including September 1, 2020. *See*, Docket No. 61, Stipulation and Order Extending Time to Object to Debtor's Exemptions filed September 2, 2020. A second Stipulation and Consent Order affording NFS additional time to object to Debtor's exemptions was entered into by and between NFS and the Debtor permitting NFS another extension of time to file an objection to exemptions through and including September 28, 2020. *See*, Docket No. 75.

6.  NFS failed to file an Objection to Debtor's exemptions.

7.  On September 21, 2020, Debtor caused an amendment to Schedule D and Summary of Schedules to be filed. *See,* Docket No. 70.

8.  On October 21, 2020, counsel for NFS filed a Motion for Entry of an Order Extending the Deadline for NFS to Object to Debtor's Discharge or that NFS' Debtor Should Be Excepted from Discharge ("NFS Extension Motion"). *See*, Docket No. 82. An Objection to the NFS Extension Motion was filed on behalf of the Debtor on the basis that NFS had been afforded no less than 132 days to file an adversary complaint against the Debtor, but NFS had not done so. NFS filed an Objection to the first Motion to Quash (*see*, Docket No. 91). A hearing

2

was conducted on November 17, 2020 and an Order granting NFS' Extension Motion was entered. *See*, Docket No. 95.

9. After having filed the NFS Extension Motion, NFS caused a Subpoena for Rule 2004 Examination (the "2004 Subpoena") to be served upon the Debtor. Debtor caused a Motion to Quash the 2004 Subpoena ("first Motion to Quash") to be filed on November 10, 2020 due to the overly burdensome demands made by NFS. *See*, Docket No. 89. Prior to the return date of the first Motion to Quash, NFS withdrew its 2004 Subpoena. A Status Change Form was filed on December 7, 2020 to withdraw the first Motion to Quash. *See,* Docket No. 102.

10. On November 17, 2020, a Motion for authorization for the Debtor to file a combined Plan of Reorganization and Disclosure Statement was filed. *See*, Docket No. 93. The Order granting the Motion was filed on December 10, 2020. *See*, Docket No. 104.

11. On November 22, 2020, NFS sued Debtor's former partner of Garden State Diagnostic Imaging, LLC ("GSDI"), Dr. Faisal Shah, for non-dischargeability. *See*, *NFS Leasing, Inc. v. Faisal Shah*, Adv. No. 20-01603-JKS ("NFS v. Shah"). The factual background of the alleged debt in this proceeding are identical to the alleged debt in NFS v. Shah.

12. Debtor caused her original Combined Chapter 11 Plan of Reorganization and Disclosure Statement to be filed on November 20, 2020. *See*, Docket No. 100. The First Modified Plan was filed on January 11, 2021. *See*, Docket No. 108.

13. On January 12, 2021, an Application in Lieu of Moton in Support of Entry of Stipulation and Consent Order to Extend Time for West Valley National Bank (the "Bank") was filed. *See*, Docket No. 109. Gary Bressler, Esq. filed his Certification in support of entry of the Stipulation and Consent Order was also filed on January 12, 2021. *See*, Docket No. 110. NFS was afforded notice of the request for entry of the Bank's Stipulation and Consent Order. *See*,

Docket No. 112. The Stipulation and Consent Order was filed on January 22, 2021. *See*, Docket No. 114. NFS did not interpose an Objection to entry of the Stipulation and Consent Order.

14. In the interim, NFS served a 7030 Notice to Take Oral Deposition and Produce Documents on the Debtor. A second Motion to Quash ("second Motion to Quash") was filed on January 22, 2021. *See*, Docket No. 115.

15. Debtor's First Modified Plan was filed on January 28, 2021. *See*, Docket No. 121. An Amended Order Conditionally Approving Disclosure Statement, Setting Deadlines and Scheduling Confirmation Hearing was entered on February 2, 2021. *See*, Docket No. 127.

16. NFS withdrew the second 7030 Subpoena. Because NFS voluntarily withdrew the second 7030 Subpoena prior to the return date of the second Motion to Quash, a Status Change Form was filed withdrawing the second Motion to Quash. *See*, Docket No. 130.

17. Debtor secured a proposed sale of the Oregon property. An Application for Retention of Tim Saeland as Realtor was filed on February 25, 2021. *See*, Docket No. 134. On March 5, 2021, an Order Granting Application to Employ Tim Saeland as Realtor was entered. *See*, Docket No. 147.

18. NFS filed the NFS Objection to the Debtor's first Modified Plan on March 2, 2021 ("NFS Objection"). *See*, Docket No. 140.

19. On March 15, 2021, NFS filed it Motion for Temporary Allowance. *See*, Docket No. 152. On March 16, 2021, an Order Shortening Time for the hearing on NFS' Motion for Temporary Allowance was entered scheduling the return date of March 25, 2021. *See*, Docket No. 155.

20. Also on March 15, 2021, the undersigned filed a Motion to Quash NFS Leasing, Inc.'s third 7030 Subpoena. *See*, Docket No. 154.

21.    Counsel to West Valley National Bank filed a Response to the Debtor's Modified Plan addressing issues raised by NFS in its Objection to Debtor's Modified Plan on March 17, 2021, including valuation of property, etc. *See*, Docket No. 159.

22.    On March 23, 2021, at NFS' request, NFS' Motion for Temporary Allowance was adjourned to April 6, 2021. *See*, Docket No. 167.

## LEGAL ARGUMENT

23.    Based upon the record in this proceeding, the Debtor urges Your Honor to deny the NFS Motion for Temporary Allowance or, alternatively, estimate the NFS Claim at zero (0) for voting purposes. As set forth above, on the eve of each overly burdensome and improper discovery demand, ostensibly made for the purpose of establishing a claim in this proceeding, NFS has routinely and consistently withdrawn those discovery demands. Even with extensions of time to do so, NFS failed to file an adversary against the Debtor for determination of its claim or for non-dischargeability. NFS has actively monitored this case, and filed the adversary proceeding against Debtor's former business partner, Dr. Shah. *See*, *NFS v. Shah*, referred to above. Ample time has been afforded NFS to move for the relief it now seeks since June 2020. Instead, just as with it's improperly timed discovery demands, NFS seeks this relief improperly on eve of confirmation of the Debtor's plan of reorganization.

24.    NFS is correct that the filing of a Proof of Claim establishes a *prima facie* evidence of NFS' claims. However, the adversary proceeding commenced by the Debtor, challenging NFS' claims under Fed. R. Bankr. P. 7001, shifted the burden to NFS to proof the extent and validity of its claim and it loses its *prima facie* status. Fed. R. Bankr. P. 7001 provides for "a proceeding to determine the validity, priority, or extent of a lien or other interest in property…". Fed. R. Bankr. P. 7001(2). It is the Debtor who filed an adversary proceeding for

determination of NFS' claim pursuant to Rule 7001. That adversary action is pending, is active, and is in Mediation.

25. NFS filed an Answer in the adversary action and has submitted itself to jurisdiction of this Court. A Mediation Order has been entered and the Mediator has scheduled the organizational meeting. It is this adversary action which should be the vehicle for determination of the extent and validity of NFS' alleged claims against the Debtor.

26. Additionally, NFS has actively pursued Debtor's former business partner, Dr. Faisal Shah, in his bankruptcy proceeding. *See*, *NFS v. Shah*. NFS has a probability of receiving a distribution from the *Shah* case and, therefore, claims estimation is problematic.

**Statutory Basis for Claims Estimation**

27. Pursuant to 11 U.S.C. § 502, "[t]here shall be estimated for purpose of allowance under this section—any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case … ". 11 U.S.C. § 502(c).

28. Bankruptcy Rule 3018(a) provides "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). *See*, *In re Innovasystems, Inc.*, No. 11-36228-ABA, 2014 WL 7235527, at *7 (Bankr. D.N.J. Dec. 18, 2014) ("Whereas Section 502(c) mandates that a court estimate a claim when the fixing or liquidation would unduly delay the administration of the case, Rule 3018 permits the court to estimate a claim for purposes of plan voting only.").

29. NFS is asserting its same claim against two (2) separate bankruptcy estates (Shah and Patel) and, as a result, contrary decisions by the two (2) separate Bankruptcy Judges could

occur. The Debtor submits that a determination of NFS' alleged claims should await the outcome of the Debtor's adversary proceeding.

30. Attempting to estimate NFS' claims by and between the two (2) bankruptcy estates could unduly delay the administration of this estate, especially since the Debtor has already filed her Plan and obtained an acceptance by a partially secured and partially unsecured creditor.

31. The Debtor filed her Plan and has obtained an affirmative vote from an impaired class of claimants, specifically, an affirmative vote from West Valley National Bank. The adequacy hearing is scheduled for April 22, 2021, which could be followed by Confirmation which will allow the case to proceed with the adversary matter continue on track.

### **Alternatively, NFS' Claims Can Be Estimated at Zero**

32. Although 11 U.S.C. § 502(c) provides that a court shall estimate claims for the purposes of "allowance," courts have used the section for more-limited purposes, such as estimating amounts to be placed in reserve funds. *See, e.g., In re JacomComputer Servs., Inc.*, 280 B.R. 570, 571, 573 (Bankr. S.D.N.Y. 2002) (granting an application to estimate certain disputed claims at **zero** for the purpose of establishment of an appropriate reserve).

33. Your Honor has substantial discretion in making estimation determinations. *See*, *Bittner v. Borne Chemical Co.*, 691 F.2d 134, 135 (3d Cir. 1982) (holding that estimation requires only "sufficient evidence on which to base a reasonable estimate of the claim").

34. There is no standard calculation or methodology required in estimating a claim. *Compare, e.g., In re Windsor Plumbing Supply Co.*, 170 B.R. 503, 521-22 (Bankr. E.D.N.Y. 1994) ("The estimated value of a claim is then the amount of the claim diminished by the probability that it may be sustainable only in part or not at all."), with, *e.g., Bittner v. Borne*

*Chemical Co.*, 691 F.2d at 136 (approving claims estimation according to the "ultimate merits" of a litigation claim "rather than the present value of the probability that [the claimants] would succeed in their state court action"). "Despite the lack of express direction on the matter, the Third Circuit is, 'persuaded that Congress intended the procedure to be undertaken initially by the bankruptcy judges, using whatever method is best suited to the particular contingencies at issue. The principal consideration must be an accommodation to the underlying purposes of the Code.'" *In re Rappaport*, 517 B.R. 518, 536 (Bankr. D.N.J. 2014) (citing *Bittner v. Borne Chemical Co.*, 691 F.2d at 135).

35. Here, the underlying purposes of the Bankruptcy Code are best served by denial of the NFS Motion for Temporary Allowance. This case has been pending for nine (9) months, and NFS' instant request for relief serves only to undermine the Debtor's reorganization. Alternatively, the underlying purposes of the Bankruptcy Code are best served by this Court estimating NFS' Claim at zero dollars ($0) for voting purposes in light of the particular facts and history of this case.

36. The totality of the record, the circumstances, the provisions for resolution of the disputed claims which are already in place in the pending Mediation, and the Debtor's provisions within her proposed Plan for treatment of disputed claims, can form Your Honor's determination not to estimate NFS' claims at this time, or, in the alternative, determine NFS' disputed claims for voting purposes to be zero dollars ($0).

**WHEREFORE,** Chapter 11 Debtor and Debtor-in-Possession, Hiteshri Patel, hereby urges Your Honor to deny NFS Leasing, Inc.'s Motion for Temporary Allowance of its Claim

for Voting Purposes Pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure and grant the Debtor such other and further relief as is appropriate.

        Respectfully submitted,

        **MIDDLEBROOKS SHAPIRO, P.C.**
        841 Mountain Avenue, First Floor
        Springfield, New Jersey 07081
        (973) 218-6877
        Attorneys for Hiteshri Patel,
        Chapter 11 Debtor and Debtor-in-Possession


        /s/ Melinda D. Middlebrooks
        By: Melinda D. Middlebrooks, Esq.

Dated: March 30, 2021