**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
(973) 218-6877
Melinda D. Middlebrooks, Esq.
*middlebrooks@middlebrooksshapiro.com*
Attorneys for Hiteshri Patel,
Chapter 11 Debtors and Debtors-in-Possession

|  |  |
|---|---|
| In the Matter of:<br><br>**HITESHRI PATEL,**<br><br>　　Chapter 11 Debtor and<br>　　Debtor-in-Possession. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Honorable Kathryn C. Ferguson<br><br>Chapter 11<br><br>Case No. 20-17880-KCF<br>Hearing Date: May 27, 2021 at 2:00 p.m. |

**CERTIFICATION OF HITESHRI PATEL PURSUANT TO 11 U.S.C. §1129
IN SUPPORT OF CONFIRMATION OF INDIVIDUAL DEBTOR'S
CHAPTER 11 PLAN OF REORGANIZATION; DISCLOSURE OF
SOURCE OF FUNDS; AND RELATED ISSUES**

I, Hiteshri Patel, of legal age, do hereby certify and say:

1.  I am the above-captioned Chapter 11 Debtor and Debtor-in-Possession (the "Debtor") and, as such, am fully familiar with the facts set forth herein. I submit this Certification in support of Confirmation of my First Modified Chapter 11 Plan of Reorganization.

2.  On January 28, 2021, I caused my First Modified Individual Debtors' Chapter 11 Combined Plan of Reorganization and Disclosure Statement[1] (the "Plan") to be filed. *See*, Docket No. 121.

---

[1] The Court docket at Docket No. 121 incorrectly reflects the Plan as the "Individual Second Modified Chapter 11 Combined Plan and Disclosure Statement", however, the filed pleading is captioned "First Modified" Plan and, as such, is referred to herein as the "Plan".

1

3. I am familiar with my debts and liabilities and actively participated with the preparation of the Plan. I understand the classification of claims and further understand the proposed treatment of claims under my Plan.

4. I submit that the Plan complies with the provisions of 11 U.S.C. § 1129; that I have complied with the provisions of the Bankruptcy Code; that the Plan is proposed in "good faith" and not for any improper purpose; that any payments to be made under the Plan have been or will be subject to this Court's approval; that I have described the nature of my financial position post-confirmation; that there is no need for approval of rate changes by any governmental unit; that based upon the liquidation analysis annexed to the Disclosure Statement and Plan, creditors will receive no less under the Plan than they would under a liquidation scenario; that the classification of claims is appropriate; that there is at least one (1) creditor in an impaired class of claims has accepted the Plan; that confirmation is not likely to be followed by liquidation or a need for further reorganization; that all fees payable under 28 U.S.C. §1930 are paid or that the Plan provides for payment on the Effective Date of the Plan; and that I was not obligated to pay retirement benefits at the time the petition was filed.

5. I have reviewed the following filed Objection or Response to confirmation of my Plan and I have either reached agreement for treatment of the claim of an objecting creditor with that specified creditor or request Your Honor rule on a specific objection with the following creditors:

| Creditor/Class | Claim Amt./POC No. | Admin/Secured/Unsecured/Impaired/Unimpaired | Current Treatment Under Plan | Agreed Upon/Proposed Settlement/Request for Court Ruling |
|---|---|---|---|---|
| M&T Bank/1 | $289,016.16/Claim 2 | Secured | Unimpaired | M&T Bank filed a Response to my Plan based upon the proposed treatment which failed to reflect monthly escrow amount in the current sum of $1,719.56 which needed to be included in the |

2

| | | | | |
|---|---|---|---|---|
| | | | | monthly mortgage payment. *See*, M&T Response at Docket No. 161. I agree to the monthly mortgage payment of $4,617.54 to $6,337 to include the current escrow amount. |
| NFS Leasing, Inc./4 (unsecured) | 1,686,263.27[2] POC Amended Claim 4 | Unsecured | Impaired | NFS filed an Objection to Confirmation of my Plan. *See,* NFS Objection at Docket No. 140. I request Your Honor rule on "Cramdown" of Plan over NFS' Objection and trial on the merits of the adversary proceeding. |

6. West Valley National Bank filed a Reply and a Declaration of Brett Bhesania dated March 15, 2021 (the "Bhesania Declaration") in Support of the Reply of West Valley National Bank to NFS Leasing, Inc.'s Objection to the Debtor's Second [*sic* First] Modified Individual Debtor's Chapter 11 Combined Plan of Reorganization and Disclosure Statement[3] to NFS' Objection to Confirmation of my Plan. In its Reply, West Valley National Bank detailed the additional legal expenses accruing to the mortgage on my residence due to the litigious nature of NFS in this Chapter 11 proceeding which, as of February 28, 2021 totaled $18,411.48 which Mr. Bhesania declared "are expected to continue to accrue, along with interest." *See*, Bhesania Declaration, p.2 at ¶6.

7. As of April 2, 2021, the total amount owed to West Valley National Bank was $556,655.00. *See*, Bhesania Declaration, p.2 at ¶4.

8. In its Reply, West Valley National Bank rebuts NFS' assertion that I "misstates and inflates the amount owed on the SBA Loan by $43,335.61 and retains equity on account of that misstatement".[4] West Valley National Bank provides Your Honor with the bank's own calculation

---

[2] NFS' claim is subject to dispute pursuant to the adversary proceeding captioned *Patel v. NFS Leasing, Inc.*, Adversary Pro. No. 21-01180-KCF.
[3] *See*, Docket No. 159.
[4] *See*, Docket No. 140, NFS Objection, at ¶2.

3

of the lack of equity held in the properties and refutes NFS' claims. *See*, West Valley National Bank Reply, p.4 at ¶14 – 15 and the Bhesania Declaration.

9. West Valley National Bank further debunks NFS' assertion that West Valley National Bank does not hold valid and perfected liens on my real estate.[5] West Valley National Bank filed Proof of Claim No. 5-1 certifying that it holds valid and perfected liens on my real estate as document in the Proof of Claim, by way of Mortgage and Deeds of Trust.[6]

10. NFS claims that there is no disclosure regarding the calculation of the value of the Oregon Property,[7] which property was the subject of a recent 363 Sale Motion. I agree with West Valley National Bank that disclosure of a methodology of calculating the value of the Oregon Property is made moot by the filed Order approving the 363 Sale.[8] Any deficiency to West Valley National Bank can only be calculated after the closing and turnover of the proceeds to West Valley National Bank.

12. An Order Conditionally Approving Disclosure Statement, Setting Deadlines and Scheduling Confirmation Hearing was filed on February 2, 2021. *See* Docket No. 125.

13. Attached to my Plan as <u>Exhibit C</u> is a Five Year Projection prepared by my Court-approved accountants, Kotulak & Company, CPA PC, which reflects that I will have sufficient funds on hand to fund the Plan. The Five Year Projection using actual income and expenses and submit that there will be sufficient funds for us to consummate the Plan.

9. The Liquidation Analysis prepared for my Plan is attached to my Plan as <u>Exhibit G</u>. My updated Liquidation Analysis is attached hereto as <u>Exhibit A</u>.

---

[5] *See*, Docket No. 140, NFS Objection at ¶1(e).
[6] *See*, Proof of Claim No. 5-1.
[7] *See*, Docket No. 140, NFS Objection at ¶1(f).
[8] *See*, Docket No. 169, Order Authorizing Sale of Real Property Located at 10535 NE Park Ridge Way in Hillsboro, Oregon With Liens to Attached to Proceeds Pursuant to 11 U.S.C. §§363(b), 363(f), 365 and Fed.R.Bankr.P. 4001(d), and D.N.J. LBR 6004-1; and For Related Relief.

Document Ref: XLTJD-FO7J9-S7XP5-GW4X5                                                                                                    Page 4 of 8

10. A copy of our Monthly Operating Report for October, 2020 is attached to my Plan as <u>Exhibit D</u>. My most recently filed Monthly Operating Report for April, 2021 was filed on May 18, 2021 and appears at Docket No. 191.

11. I submit that, based upon the foregoing, and based upon the Certification of Ballots, I respectfully request that the Court enter an Order Confirming the Plan.

I hereby certify that the statements contained herein are true and correct to the best of my knowledge, information and belief. If such statements made by me are willfully false, I understand that I am subject to punishment.

*Hiteshri Patel*

**HITESHRI PATEL**

Dated: 05 / 18 / 2021

# Exhibit

# "A"

Document Ref: XLTJD-FO7J9-S7XP5-GW4X5

## EXHIBIT A - Liquidation Analysis

### *Debtor's Estimated Liquidation Value of Assets*

| | | |
|---|---|---:|
| **Assets** | | |
| a. | Real property | |
| | 50% interest, 223 Gordons Corner Rd., Marlboro, NJ | 432,500.00 |
| | 50% interest, 164 Beach House St., Jersey City, NJ | 190,000.00 |
| | 50% interest, 714 S. Halliday St., Anaheim, CA | 367,500.00 |
| | 50% interest, 10535 NE Park Ridge, Hillsboro, OR | 140,000.00 |
| b. | Automobiles | |
| | 100% interest in 2013 Honda Accord | 4,680.00 |
| c. | Household goods and furnishings | 3,000.00 |
| d. | Electronics | 500.00 |
| e. | Sports equipment | 50.00 |
| f. | Women's clothing | 200.00 |
| g. | Jewelry | 100.00 |
| h. | Deposits of money | |
| | 50% interest in Chase checking account (9024) | .00 |
| | 50% interest in Chase saving account (3162) | 97.69 |
| | 50% interest in Chase checking account (1376) | 27.27 |
| | 50% interest in M&T checking account (9621) | 4,334.00 |
| | 50% interest in Chase checking account (6961) | 141.63 |
| | 50% interest in Chase checking account (2682) | 74.29 |
| i. | Non-public business interests | |
| | 34% interest in Shardanu Pizza (2 locations – non-operating) | .00 |
| j. | Retirement accounts | |
| | JP Morgan Chase (1648 and 4469)[1] | 258,983.31 |
| k. | Insurance policy interests | |
| | New York Life Ins. (surrender or refund value) | 2,014.93 |
| ***Total Assets at Liquidation Value*** | | **1,404,203.12** |
| **Less:** | | |
| Secured creditor claims | | |
| | M&T Bank | (289,016.16) |
| | Matrix Financial Services Corp./Flagstar Bank | (436,281.47) |
| | West Valley National Bank | (591,638.78) |
| | NFS Leasing, Inc. (for voting purposes only) | (3,000.00) |
| **Less:** | | |
| Chapter 7 trustee fees and expenses (10%) | | (140,420.31) |
| **Less:** | | |
| Chapter 11 Administrative Expenses | | (45,000.00) |
| **Less:** | | |
| Priority claims, excluding Administrative Expense claims | | |
| **Less:** | | (.00) |
| Debtor's claimed exemptions | | (266,523.12)[2] |

---

[1] Retirement funds are not property of the bankruptcy estate. *See*, *Patterson v. Shumate*, 504 U.S. 753 (1992).

[2] Total includes retirement funds in the sum of $258,983.31 which are not property of the estate. *See*, Footnote No. 1.

|     |     |     |     |
| --- | --- | --- | --- |
| (1) | Balance for unsecured claims | | **(1,771,879.81**) |
| (2) | Total dollar amount of allowed unsecured claims | | 4,433.662.43 |
| (3) | Amount of NFS Leasing unsecured claim for voting purposes only | | 1,686,263.27 |
| (4) | Total dollar amount of Allowed Unsecured Claims and NFS Leasing's claim for voting purposes only | | **6,119,925.66** |
| *Percentage of Claims Which Unsecured Creditors Would Receive or Retain in a Chapter 7 Liquidation:* | | | 0.00% |
| *Percentage of Claims Which Unsecured Creditors Will Receive or Retain under the Plan Without NFS Leasing's Claim:* | | | 0.013% |
| *Percentage of Claims Which Unsecured Creditors Will Receive or Retain under the Plan Including NFS Leasing's Claim:* | | | 0.01% |

## Signature Certificate

Document Ref.: XLTJD-FO7J9-S7XP5-GW4X5

Document signed by:



**Hiteshri Patel**

E-mail:
hiteshri325@gmail.com

Signed via link

IP: 69.112.190.81    Date: 18 May 2021 22:15:14 UTC



Document completed by all parties on:
18 May 2021 22:15:14 UTC
Page 1 of 1



Signed with PandaDoc.com

PandaDoc is the document platform that boosts your company's revenue by accelerating the way it transacts.

