|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>**MIDDLEBROOKS SHAPIRO, P.C.**<br>841 Mountain Avenue, First Floor<br>Springfield, New Jersey 07081<br>(973) 218-6877<br>Melinda D. Middlebrooks, Esq.<br>*middlebrooks@middlebrooksshapiro.com*<br>Attorneys for the Chapter 11 Debtor<br>and Debtor-in-Possession, Hiteshri Patel | Order Filed on August 20, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>**HITESHRI PATEL,**<br>Chapter 11 Debtor and Debtor-in-Possession. | Case No.: 20-17880-KCF<br><br>Judge: Kathryn C. Ferguson<br><br>Chapter 11 |

### ORDER FINALLY APPROVING CHAPTER 11 DEBTOR'S
### FIRST MODIFIED COMBINED PLAN OF REORGANIZATION
### AND DISCLOSURE STATEMENT

The relief set forth on the following page, numbered two (2) through thirteen (13),

is **ORDERED.**

**DATED: August 20, 2021**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

Debtor:      Hiteshri Patel
Case No.:    20-17880-KCF
Caption:     Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 2)

**WHEREAS**, Chapter 11 Debtor and Debtor-in-Possession Hiteshri Patel (the "Debtor," "Debtor-in-Possession," "Reorganized Debtor" or "Proponent"), by and through her counsel Middlebrooks Shapiro, P.C., having filed a First Modified Individual Debtor's Chapter 11 Combined Plan of Reorganization and Disclosure Statement (the "Plan") (Docket No. 121) on January 28, 2021; and

**WHEREAS**, an Order Conditionally Approving Disclosure Statement, Setting Deadlines, and Scheduling Confirmation Hearing having been entered on February 2, 2021 (Docket No. 125); and

**WHEREAS**, an Amended Order Conditionally Approving Disclosure Statement, Setting Deadlines, and Scheduling Confirmation Hearing having been entered on February 9, 2021 (Docket No. 127); and

**WHEREAS**, a continued Confirmation Hearing on the Plan having been scheduled before this Court on August 19, 2021 (the "Confirmation Hearing"); and

**WHEREAS**, due notice of the Confirmation Hearing having been given by mail to all known or reasonably ascertainable holders of Claims and Interests; and

**WHEREAS**, the solicitation of acceptances or rejections from holders of Claims and Interests having been made in the manner required by this Court and by law; and

**WHEREAS**, a Confirmation Hearing to consider confirmation of the Plan and other matters relating to confirmation was held before the Court on August 19, 2021; and

**WHEREAS**, upon the entire record of this case, the arguments of counsel, Melinda D. Middlebrooks, Esq. appearing, and evidence presented at the Confirmation Hearing, including the Certification of the Debtor in Support of Confirmation of the Plan (Docket

Debtor:     Hiteshri Patel
Case No.:   20-17880-KCF
Caption:    Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 3)

No. 193), the Certification of Melinda D. Middlebrooks, Esq. (Docket No. ) on the tabulation of the Ballots cast in favor of and in opposition to confirmation of the Plan (the "Ballots"), and

**WHEREAS**, after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**, as follows:

1. The Plan, as modified by this order (the "Order"), complies with the applicable provisions of the Bankruptcy Code.

2. The Plan Proponent has complied with all applicable provisions of the Bankruptcy Code.

3. The classification of Claims and Interests under the Plan, as modified by this Order, is consistent with 11 U.S.C. §1122 of the Bankruptcy Code.

4. The Plan specifies the classes of Claims or Interests not impaired under the Plan.

5. The Plan specifies the classes of Claims or Interests impaired under the Plan and specifies the treatment of Claims or Interests in such classes.

6. The Plan provides the same treatment for each Claim or Interest of a particular class.

7. The Plan provides adequate means for the execution and implementation of the Plan.

8. The Plan has been proposed in good faith and not by any means forbidden by law.

Debtor:      Hiteshri Patel
Case No.:    20-17880-KCF
Caption:     Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 4)

9. Any payments made or promised by the Debtor, or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with this Chapter 11 case, or in connection with the Plan and incident to this case, have been disclosed to and approved by this Court, as being reasonable or, if such payment is to be fixed after confirmation of the Plan, such payment is subject to approval of the Court as reasonable.

10. After confirmation of the Plan, Middlebrooks Shapiro, P.C. shall serve as the Disbursing Agent, and has agreed to perform all of the duties of Disbursing Agent under the Plan and has consented to the jurisdiction of this Court in respect of all matters relating to the performance of such duties.

11. The procedures by way in which the Ballots were distributed and tabulated were fair, properly conducted, and complied with the applicable rules of this Court.

12. With respect to each class of Claims or Interests under the Plan, each class either is unimpaired under the Plan, or has duly accepted the Plan, or has been deemed to have accepted the Plan.

13. The treatment of Claims under the Plan of the type specified in 11 U.S.C. §507(a) of the Bankruptcy Code complies with the provisions of 11 U.S.C. §1129(a)(9)(A) of the Bankruptcy Code.

14. With respect to those impaired classes of Claims under the Plan, at least one (1) impaired class of Claims has accepted the Plan, determined without including any acceptance of the Plan by an insider.

Debtor:          Hiteshri Patel
Case No.:       20-17880-KCF
Caption:        Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 5)

15.    The Plan is feasible. The Debtor has demonstrated her ability to meet her financial obligations under the Plan. Confirmation and consummation of the Plan are not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor.

16.    All fees payable under 28 U.S.C. §1930 of title 11 of the United States Code have been paid or the Plan provides for the payment of all such fees on the Effective Date or as soon as practicable thereafter.

17.    There is no need for approval of rate changes by any governmental unit.

18.    Based upon the liquidation analysis annexed to the Disclosure Statement, creditors will receive no less under the Plan than they would under a liquidation scenario.

19.    The service of notice of the Confirmation Hearing and the solicitation of acceptances and rejections to the Plan were appropriate and satisfactory based upon the circumstances of the Debtor's Chapter 11 case and are in compliance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

20.    The Debtor retains the right to object to Claims after the Confirmation Date in accordance with the Plan but does not anticipate a claims objection.

21.    Pursuant to the Plan, the Debtor will retain and have the exclusive rights to continue, initiate or pursue all causes of actions, claims and rights of the Debtor, other than those released or compromised as part of or pursuant to the Plan.

Based upon the above-referenced findings of fact; and good and sufficient cause appearing therefore,

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:**

Debtor:        Hiteshri Patel
Case No.:      20-17880-KCF
Caption:       Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 6)

1. The Plan, as modified herein, be, and is hereby confirmed, effective as of the date of entry of this Order.

2. The Debtor is hereby authorized and empowered to issue, execute, deliver, file or record any document, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, including, without limitation, any release, settlement agreement, loan document, whether or not specifically referred to in the Plan and without further application to or Order of this Court.

3. Middlebrooks Shapiro, P.C. is hereby approved as Disbursing Agent under the Plan.

4. The Plan and its provisions shall be binding upon the Debtor, any entity acquiring property under the Plan, and the holders of Claims against the Debtor, whether or not the Claims of such creditors or obligations of any parties-in-interest are impaired under the Plan and whether or not such creditors or parties-in-interest have voted, or are deemed to have voted, for or against the Plan.

5. The Debtor is hereby authorized and empowered to take any action to execute, deliver and file in all courts all documents and instruments necessary or appropriate to enforce all causes of action, claims and rights of the Debtor.

6. Each holder of an Administrative Claim shall be paid in accordance with the Plan, or the agreement reached between the parties.

7. Upon entry of this Order, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien voided and/or discharged except as otherwise provided by the Plan or this Order.

Debtor:        Hiteshri Patel
Case No.:      20-17880-KCF
Caption:       Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 7)

8. Class 1. M&T Bank ("M&T") holds an unimpaired secured purchase money mortgage claim against Debtor's real property known as 223 Gordons Corner Road, Marlboro, NJ 07746 (the "Marlboro Property"). Debtor will continue to make monthly mortgage payments to M&T pursuant to the terms of the Mortgage and Note which monthly payment currently totals $4,617.54 principal and interest together with $1,719.56 for escrow (which escrow is subject to change) totaling $6337.10 per month. M&T's secured claim on the Debtor's Marlboro Property is unimpaired under Debtor's Plan.

9. Class 2. Matrix Financial Services Corp/Flagstar Bank ("Matrix") holds an unimpaired secured claim against Debtor's real property known as 714 S. Halliday St., Anaheim, CA 92804 (the "Anaheim Property"). Debtor will continue to make monthly mortgage payments to Matrix pursuant to the terms of the Mortgage and Note which monthly payment currently totals $2,172.54 per month. Matrix's secured claim against the Debtor's Anaheim Property is unimpaired under Debtor's Plan.

10. Class 3. West Valley National Bank ("West Valley") holds an impaired secured claim which is a cross-collateralized US SBA Business Loan with a second priority secured lien against the Debtor's Marlboro Property; a secured lien against the Debtor's property known as 164 Beach Street, Jersey City, NJ 07307 (the "Jersey City Property"); the Anaheim Property; and held a secured lien against the Debtor's property known as 10535 NE Park Ridge Way, Hillsboro, OR 97006 (the "Oregon Property"). During the course of the Chapter 11 proceeding, West Valley consented to the sale of the Oregon Property, which sale occurred on or about March 31, 2021. An Order Approving Sale of the Oregon Property was entered on March 30, 2021. (Docket No. 169). West Valley

Debtor:     Hiteshri Patel
Case No.:   20-17880-KCF
Caption:    Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 8)

received the net proceeds of the sale of the Oregon Property toward satisfaction of its claim. Subsequent to the sale of the Oregon Property, the Debtor sought and obtained refinancing of the balance of West Valley's claim, and was approved for a $167,000.00 loan to be paid over sixty (60) months at approximately $1,751.00 a month at an interest rate of 4.75% (the "Loan"). The post-petition refinancing was approved by this Court on August 17, 2021 and an Order entered on August 18, 2021 (Docket No. 231). West Valley will continue to be secured against the Debtor's Marlboro Property; the Jersey City Property; and the Anaheim Property. Any lien granted or mortgage recorded by NFS Leasing, Inc. ("NFS") on the Marlboro Property pursuant to this Order shall be third in priority and junior to (a) any first priority, valid, binding, enforceable, and fully perfected senior security interest in and lien upon the Marlboro Property of M&T Bank, and (b) the security interest in and lien upon the Marlboro Property of West Valley referenced above. Neither the automatic stay nor post-effective date injunction shall prohibit West Valley from recording the new mortgages that it is to receive or enforcing its rights pursuant to the refinance or otherwise.

11.    Class 5. NFS Leasing, Inc. NFS holds an allowed impaired secured claim in the sum of $150,000.00. During the course of this Chapter 11 proceeding, NFS' claim was contested by the Debtor by virtue of an adversary proceeding captioned *Hiteshri Patel v. NFS Leasing, Inc.,* Adv. Pro. No. 21-01180-KCF (the "Adversary Matter"). Debtor and NFS entered into a Settlement Agreement (the "Settlement Agreement"), which settlement was approved by this Court on August 17, 2021 (Docket No. 232), and the terms of which are incorporated herein. The major provisions of the Settlement Agreement are allowance

Debtor:       Hiteshri Patel
Case No.:     20-17880-KCF
Caption:      Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 9)

of a secured claim in the amount of $150,000.00 (the "Secured Amount"). In accordance with the Settlement Agreement, the Debtor and her non-Debtor spouse have executed and delivered to NFS and NFS acknowledges receipt of a "wet-signature" executed Promissory Note payable to NFS in the original principal amount of $130,000, accruing interest on the unpaid principal amount at three percent (3%) per annum, with all principal and accrued interest to be paid over a six (6) year period in quarterly installments beginning on October 1, 2021 and Mortgage signed by the Debtor and her non-Debtor spouse. The Promissory Note will be secured by a Mortgage on the Debtor's Marlboro Property. NFS' allowed secured claim shall be third in priority and junior to (a) the first priority, valid, binding, enforceable, and fully perfected senior security interest in and lien upon the Marlboro Property of M&T Bank, and (b) the security interest in and lien upon the Marlboro Property of West Valley, referenced above. Pursuant to the Settlement Agreement within thirty (30) days after the Effective Date (defined as the date when a final, non-appealable Order is entered approving the Motion to Approve the Settlement Agreement), Debtor shall pay the sum of $20,000.00 to NFS via wire transfer. To allow NFS to record the Mortgage, the automatic stay shall be and is hereby modified notwithstanding Fed. R. Bankr. P. 4001(a)(3). Prior to the hearing on Confirmation of the Debtor's Plan, NFS withdrew its Objections to confirmation of the Debtor's Plan and amended its Class 4 and Class 5 Ballots to vote in favor of the Plan. Debtor shall dismiss the Adversary Proceeding with prejudice and without costs no later than three (3) days after confirmation of her Plan. NFS shall cause the Massachusetts Action to be dismissed without prejudice and without costs as to the Debtor no later than three (3) days after entry of the within Confirmation Order,

Debtor:       Hiteshri Patel
Case No.:     20-17880-KCF
Caption:      Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 10)

provided that the Effective Date, as defined in the Settlement Agreement, has passed. In addition to the foregoing, under the Settlement Agreement, NFS is afforded an allowed general unsecured claim in the sum of $1,539,263.27, which unsecured claim shall receive a *pro rata* distribution afforded Class 4 general unsecured claimants.

12. Class 4. Allowed General Unsecured Claims: Class 4 claims are impaired. Allowed general unsecured claims (the "Unsecured Creditors") will receive a *pro rata* distribution in the Plan from a "pot" in the sum of sixty thousand dollars ($60,000.00) to be paid in semi-annual installments of six thousand dollars ($6,000.00) commencing over a period of sixty (60) months after the within Confirmation Order is non-appealable.

13. Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

14. Any judgment at any time obtained to the extent that such judgment is a determination of the liabilities of the Debtor with respect to any debt or Claim discharged hereunder is rendered null and void, unless survival of such judgment is specifically provided for in the Plan.

15. Except as otherwise provided in the Plan or this Order, on the Confirmation Date, title to all assets and properties of the Estate shall automatically, and without the need to execute any additional documents, vest in the Reorganized Debtor in accordance with 11 U.S.C. §1141 of the Bankruptcy Code, free and clear of all Claims and Interests

Debtor:      Hiteshri Patel
Case No.:    20-17880-KCF
Caption:     Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 11)

including, without limitation, all construction liens, notices of intention, lien claims, stop notices, or other statutory liens filed against the Debtor or her properties. This Order shall act to discharge and release all such statutory liens without the need for the Debtor or holders of the statutory lien to file any further documents. This Order may, but need not be, filed in the appropriate recording offices as evidence of the Debtor's ownership of all property of the Debtor's estate.

16. Provided that the Debtor does not default in her obligations under the Plan, as modified by this Order, all creditors of the Debtor or other entities whose Claims are discharged or whose Interests are terminated by the Plan and this Order are hereby jointly and severally restrained and enjoined from:

   a. Commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including without limitation any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, with respect to any property of any of the foregoing or any direct or indirect transferee of any property of, or direct or indirect successor in addition in interest to, any of the foregoing, any or all property of any such transferee or successor except as specifically authorized in the Plan, Settlement Agreement or this Order;

   b. Enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment, award, decree or other order against the Debtor, with respect to any property of any of the

Case 20-17880-KCF    Doc 239    Filed 08/22/21    Entered 08/23/21 00:15:55    Desc
Imaged Certificate of Notice    Page 12 of 15

Debtor:        Hiteshri Patel
Case No.:      20-17880-KCF
Caption:       Order Finally Approving Debtor's First Modified Combined Chapter
               11 Plan of Reorganization and Disclosure Statement

(Page 12)

foregoing, or any property of any such transferee or successor except as specifically authorized under the Plan, Settlement Agreement or this Order;

c. Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any Liens or encumbrances against the Debtor with respect to any property of any of the foregoing or any direct or indirect transferee, or the property of, or direct or indirect successor in interest to, any of the foregoing or any property of any such transferee or successor except as specifically authorized in the Plan, Settlement Agreement or this Order;

d. Setting off, seeking reimbursement or contribution from or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to the Debtor, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing except as specifically authorized in the Plan or this Order; or

e. Proceeding in any manner in any place with regard to liquidating any Claim in any forum other than the United States Bankruptcy Court for the District of New Jersey or if that Court does not have jurisdiction thereon, the United States District Court for the District of New Jersey, or in such forum if appropriate, except as otherwise provided in the Plan or this Order.

f. Such persons are also hereby enjoined from seeking payment of any liquidated amounts and any assets of the Debtor except as specifically authorized in the Plan or this Order.

Debtor:      Hiteshri Patel
Case No.:    20-17880-KCF
Caption:     Order Finally Approving Debtor's First Modified Combined Chapter 11 Plan of Reorganization and Disclosure Statement

(Page 13)

     g. Such Persons are also enjoined from seeking recovery of punitive damages from the Debtor or any insurance provider with respect to the insurance covering the Debtor, except as specifically authorized in the Plan or this Order.

17. To the extent of any inconsistency between the provisions of this Order and the Plan, the provisions of this Order shall govern.

United States Bankruptcy Court
District of New Jersey

In re:                                                                                                                  Case No. 20-17880-KCF
Hiteshri Patel                                                                                                    Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                                       User: admin                                       Page 1 of 2
Date Rcvd: Aug 20, 2021                              Form ID: pdf903                            Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol      Definition**
+                      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                       regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 22, 2021:**

**Recip ID**           **Recipient Name and Address**
db                     + Hiteshri Patel, 223 Gordons Corner Road, Marlboro, NJ 07746-1257

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2021                                         Signature:            /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 20, 2021 at the address(es) listed below:

**Name**                     **Email Address**
Denise E. Carlon
                             on behalf of Creditor MATRIX FINANCIAL SERVICES CORP. dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com

Gary D. Bressler
                             on behalf of Creditor West Valley National Bank gbressler@mdmc-law.com
                             scarney@mdmc-law.com;dprimack@mdmc-law.com;bkleban@mdmc-law.com

James N. Lawlor
                             on behalf of Defendant NFS Leasing  Inc. jlawlor@wmd-law.com

James N. Lawlor
                             on behalf of Creditor NFS Leasing  Inc. jlawlor@wmd-law.com

Joseph Francis Pacelli
                             on behalf of Creditor NFS Leasing  Inc. jpacelli@wmd-law.com

Lauren Bielskie

District/off: 0312-3 | User: admin | Page 2 of 2
Date Rcvd: Aug 20, 2021 | Form ID: pdf903 | Total Noticed: 1

on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov

Melinda D. Middlebrooks
on behalf of Plaintiff Hiteshri Patel middlebrooks@middlebrooksshapiro.com melindamiddlebrooks@gmail.com

Melinda D. Middlebrooks
on behalf of Debtor Hiteshri Patel middlebrooks@middlebrooksshapiro.com melindamiddlebrooks@gmail.com

Nicole M. Nigrelli
on behalf of Trustee Nicole M. Nigrelli nnigrelli@ciardilaw.com sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Richard Gerbino
on behalf of Creditor M&T BANK rgerbino@schillerknapp.com kcollins@schillerknapp.com;lgadomski@schillerknapp.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

Virginia T. Shea
on behalf of Creditor West Valley National Bank vshea@mdmc-law.com
mtaranto@mdmc-law.com;kpatterson@mdmc-law.com;gbressler@mdmc-law.com;lmodugno@mdmc-law.com

TOTAL: 12